**ROSE v. UNITED STATES.**

No. 2316.

Circuit Court of Appeals, Tenth Circuit.

May 19, 1942.

Rehearing Denied June 16, 1942.

Edward M. Box, of Oklahoma City, Okl. (L. E. McElroy, of Oklahoma City, Okl., on the brief), for appellant.

Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Joseph P. O'Con-

624

nell, Sp. Asst. to Atty. Gen., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

The indictment in this case contained two counts. The first charged that for the calendar year 1936 appellant received as gross income "Fees $78.60 Rents 4,298.85 Royalties 51.26 Other Income 7,249.36 Total $11,678.07," and that for the purpose of evading and defeating income taxes he falsely returned as gross income "Fees $78.60 Royalties 51.26 Rents 4,367.60 Total $4,497.46"; and the second charged that for the calendar year 1937 he received as gross income "Interest Received $11.25 Oil Royalties 8.16 Rents 4,408.36 Other Income 14,458.25 Total $18,886.02," and that for like purpose he falsely returned as gross income "Royalties $8.16 Rents 3,809.61 Capital Gains 975.08 Total $4,-792.85." He was found guilty on both counts, and sentenced to a term of five years on each, with provision that the two sentences should run consecutively.

■ Error is assigned upon the overruling of a demurrer to the indictment on the ground that it failed to charge facts sufficient to constitute an offense under the laws of the United States and was so indefinite and uncertain that it failed to sufficiently acquaint appellant with the nature of the charge. The recognized yardstick for measuring the sufficiency of an indictment when challenged by demurrer is whether it contains the elements of the offense intended to be charged against the accused, and sufficiently apprises him of the nature of the specific charge to enable him to prepare his defense and to plead the judgment in bar to any later proceeding against him based on the same offense. United States v. Behrman, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619; Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Weber v. United States, 10 Cir., 80 F.2d 687; Crapo v. United States, 10 Cir., 100 F.2d 996; Graham v. United States, 10 Cir., 120 F.2d 543; Travis v. United States, 10 Cir., 123 F.2d 268. Each count in this indictment charged the essential elements of the offense in substantially the language of the statute. That was sufficient to sustain the indictment against the demurrer. Capone v. United States, 7 Cir., 56 F.2d 927, certiorari denied 286 U.S. 553, 52 S.Ct. 503, 76 L.Ed. 1288.

■ Appellant also filed a motion for a bill of particulars as to each count in the indictment showing a break-down or recapitulation of each item of income and indicating with particularity the source from which it was contended such income had been derived or received. The motion was denied, and that action of the court is challenged. A motion or other appropriate request for a bill of particulars enlarging upon an indictment in a criminal case is addressed to the sound judicial discretion of the trial court, and the action taken thereon will not be disturbed on appeal, except where such discretion was abused. Rosen v. United States, 161 U.S. 29, 16 S.Ct. 434, 480, 40 L.Ed. 606; Dunlop v. United States, 165 U.S. 486, 17 S.Ct. 375, 41 L.Ed. 799; Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; Parnell v. United States, 10 Cir., 65 F.2d 324; Hood v. United States, 10 Cir., 76 F.2d 275; Hood v. United States, 10 Cir., 78 F.2d 150; Gates v. United States, 10 Cir., 122 F.2d 571; Price v. United States, 5 Cir., 68 F.2d 133, certiorari denied 292 U.S. 632, 54 S.Ct. 640, 78 L.Ed. 1486; Paschen v. United States, 7 Cir., 70 F.2d 491.

■ The bill should have been furnished in respect to the item "Other Income" in each count. But an appellate court will not reverse a judgment on account of the improvident denial of a motion for such a bill unless it appears from the whole case that the accused suffered substantial prejudice, either by surprise at the proof introduced against him or in some other manner. Lett v. United States, 8 Cir., 15 F.2d 686; Peck v. United States, 7 Cir., 65 F.2d 59, certiorari denied 290 U.S. 701, 54 S.Ct. 229, 78 L.Ed. 603; Williams v. United States, 9 Cir., 93 F.2d 685; Lucas v. United States, 70 App.D.C. 92, 104 F.2d 225; Landay v. United States, 6 Cir., 108 F.2d 698, certiorari denied 309 U.S. 681, 60 S.Ct. 721, 84 L.Ed. 1024.

■ In Singer v. United States, 3 Cir., 58 F.2d 74, 75, the judgment was reversed for failure to require the furnishing of a bill of particulars. There the indictment charged the receipt of income in excess of $400,000, and that two items making up the total were, "Income from partnership $163,570.26 * * * Other income $240,-635.19." It developed on the trial that the charges contained a great number of irrelevant figures; there was much confusion in an attempt to unravel the facts;

several interruptions of hours each were necessary during the trial; a government witness testified that from records which had been introduced in evidence, he could state the amount of the income of the accused, and that it was more than $400,000; yet through the information brought out in the course of cross examination, and the facts which the court required the government to give to the accused, almost $300,000 was eliminated from the total amount, as charged, and the entire item of "Other Income" of $240,635.69, except about $10,000, was eliminated in the course of the trial as taxable income. Looking at the entire picture in retrospect the court concluded that the indictment did not inform the defendant with sufficient particularity to enable him to prepare his defense without surprise and embarrassment; and that the greatly exaggerated allegations in respect to amounts, the confusion, and the interruptions in an effort to unravel the facts, all considered together, prejudiced him. But here an entirely different situation is presented. Appellant was a member of the Board of Education of Oklahoma City; the indictment was based primarily upon his failure to return for income tax purposes income received in the form of bribes for action by the Board of Education; the entire proof of the government was confined to less than twenty specific sums in cash delivered to him, all representing bribes; no evidence was offered respecting interest, fees, rents, royalties, or other revenue. There was no large multiple of involved transactions, no great mass of complicated figures, no confusion, and no interruptions of the trial for the purpose of exploring facts and figures. The misconduct of appellant and other members of the Board of Education had given rise to the institution and prosecution of ouster proceedings in the state court, and the attorney for the Board had been indicted and sentenced to the state penitentiary for his participation in one transaction involving bribery of members of the Board. Four other members of the Board were likewise indicted in the court below for failure to return for income tax purposes money received as bribes, final disposition was made of their cases, and it is stated in the brief of appellant that great publicity was given to the series of companion cases. And, according to testimony which bears the earmarks of credence, appellant sought to induce one person who had paid him bribe

money to give perjured testimony in respect to the matter and as an inducement stated "that he would be taken care of." It is clear that appellant knew or had reason to believe that the item "Other Income" in each count of the indictment referred to money received as bribes; there was no suggestion during the trial that for want of the information requested in the motion for the bill he was unprepared to meet the testimony relating to such bribes; there was no request for a postponement in order to meet it; and there is no convincing suggestion now that if the bill had been furnished he could have produced additional or different testimony or could have prepared differently for the trial. It does not appear from the whole record that the denial of the application for the bill in anywise substantially prejudiced appellant. And in such circumstances its denial does not call for a reversal of the judgment. Wong Tai v. United States, supra; Price v. United States, supra; Paschen v. United States, supra; Peck v. United States, supra; Lucas v. United States, supra; Landay v. United States, supra.

■ The income tax returns of appellant for the years 1935 and 1938 were offered in evidence. The only objection interposed to their admission was that they were incompetent, irrelevant, and immaterial. In overruling the objection, the court stated that they were admitted on the theory that they might be material as showing the continuance of the income and conduct. No further reference was made to such returns throughout the entire trial. The trial concerned itself with transactions involving the giving of bribes in 1936 and 1937. It may be conceded, without deciding, that the returns were not admissible in evidence, and that there was no occasion for the statement of the court. But the guilt of appellant was clearly shown by competent evidence, and it is transparently plain that the introduction of the returns and the statement of the court made in connection therewith were harmless.

■ An Internal Revenue agent sat in the courtroom and heard the testimony introduced with respect to the several sums paid to appellant as bribes, and he later testified concerning the amount of the tax which would have been due if appellant had made a true return of his gross income for each year in question. After being cross-examined at length, the attorney for appellant stated that he desired to ask the

witness one more question. He then asked whether appellant paid the tax on an item of $9,000. The witness answered in the negative, and he was immediately asked whether the item was included in the return. The court thereupon stated to the attorney for appellant that he was through, that he had asked the witness a question and it had been answered, and that he could not argue the matter with the witness. No objection was made or exception taken. Even so it is now complained that the court improperly cut off further cross examination. The court merely stopped cross examination in respect to the particular item, and it had been fully covered. There was no denial of further cross examination respecting other matters about which the witness had testified on direct examination. Furthermore, the extent of cross examination rests largely in the discretion of the trial court, and there was no abuse of such discretion in this instance.

▆▆▆▆ Appellant further complains that the testimony of the expert witness in respect to the amount of the tax due was prejudicial because it was based in part upon assumptions of the receipt of money which had no basis in the evidence. The burden rested on the government to prove that appellant owed an income tax for the years in question over and above the amount returned and paid. But the amount of the tax was not the gist of the offense and it was not essential that it be proved in the exact amount charged. United States v. Schenck, 2 Cir., 126 F.2d 702. The testimony did not invade the province of the jury. Gleckman v. United States, 8 Cir., 80 F.2d 394, certiorari denied 297 U.S. 709, 56 S.Ct. 501, 80 L.Ed. 996. And the question of its inaccuracy because based upon assumptions of the receipt of money which had no support in the evidence merely went to its weight and was therefore for the jury.

Other parts of the testimony offered by the government is questioned, either on the ground that it was incoherent and incomprehensive or was given by persons who admitted that they had testified falsely on earlier occasions, or both. It would not serve any useful purpose to detail the several parts of the evidence or to discuss them seriatim. It is enough to say that the contentions go to the weight of the testimony, not its admissibility.

The next proposition, stated but not amplified or argued, is that the court erred in overruling the motion for a directed verdict of not guilty. The evidence adduced by the government, if believed, was abundantly sufficient to establish the guilt of appellant as charged in the indictment. His own testimony and that of other witnesses offered by him formed certain issues of fact, but they were for the jury.

▆▆▆▆ The further proposition, likewise stated but not followed by amplification or argument, is that when the court came in its instructions to analyze the testimony of the various witnesses it failed to analyze or give proper emphasis to the testimony of appellant and the witnesses called in his behalf, and that the instructions as a whole tended to permit the jury to believe the testimony of admitted prejurers and bribe-givers to the exclusion of a reasonable emphasis upon the testimony of appellant and that of others who testified in his behalf. No objections were interposed or exceptions taken to the instructions, and no requested instructions were tendered. Where life or liberty is involved, an appellate court may notice and correct a serious error in the instructions which was plainly prejudicial, even though it was not called to the attention of the trial court. Bogileno v. United States, 10 Cir., 38 F.2d 584; Reynolds v. United States, 10 Cir., 48 F.2d 762; Strader v. United States, 10 Cir., 72 F.2d 589; Hayes v. United States, 10 Cir., 112 F.2d 676; Miller v. United States, 10 Cir., 120 F.2d 968. But no such error is present here.

▆▆▆▆ Complaint is predicated upon the denial of the motion for new trial. The granting or denial of such a motion rests in the sound judicial discretion of the trial court, and ordinarily it is not subject to review on appeal. Holmgren v. United States, 217 U.S. 509, 30 S.Ct. 588, 54 L.Ed. 861, 19 Ann.Cas. 778; Evans v. United States, 10 Cir., 122 F.2d 461. Nothing appears in the record which takes this case out of that general rule.

▆▆▆▆ The final contention which merits brief notice is that the punishment imposed was unusual, harsh and cruel, and not justified or sustained by the purported facts adduced at the trial. Each count in the indictment charged a separate offense under 26 U.S.C.A. Int.Rev.Code, § 145(b); and the maximum penalty fixed by the statute for each offense is a fine of not more than $10,000, or imprisonment for not more than five years, or both. The fixing of penalties for criminal offenses is

a legislative function, and ordinarily a sentence within the limits of the applicable statute will not be disturbed on appeal for being unusual, excessive, or cruel. Schultz v. Zerbst, 10 Cir., 73 F.2d 668; Reavis v. United States, 10 Cir., 106 F.2d 982; Moore v. Aberhold, 10 Cir., 108 F.2d 729; McCleary v. Hudspeth, 10 Cir., 124 F.2d 445.

Affirmed.