**FISCHER v. UNITED STATES.**
No. 4747.

United States Court of Appeals,
Tenth Circuit.

April 29, 1954.

Rehearing Denied May 26, 1954.

Isaac Mellman, Denver, Colo. (Gerald N. Mellman, Denver, Colo., on the brief), for appellant.

Clifford C. Chittim, Asst. U. S. Atty., for the Dist. of Colorado, Boulder, Colo. (Donald E. Kelley, U. S. Atty., for the Dist. of Colorado, Denver, Colo., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The appellant, George Fischer, was convicted on two counts of an indictment which charged him with a willful attempt to defeat and evade a large part of income tax due and owing by him and his wife for the years 1949 and 1950, by filing false and fraudulent joint income tax returns in violation of 26 U.S.C.A. § 145(b).[1] He appeals from a two-year sentence of imprisonment on the first count, and five years' probation on the second count.

The first count of the indictment charges that Fischer filed a joint return for the year 1949, showing a net income of $6,315.64, upon which there was due a tax of $650.00, when he knew that the joint net income for that year was $9,159.94, upon which there was due a tax of $1,198.32. In the second count it was charged that for the year 1950 a joint return was filed showing a net income of $9,104.20, upon which there was due a tax of $1,237.38, when he knew that the joint net income for that year was $21,203.75, upon which there was due a tax of $4,402.68.

Fischer had been a practicing attorney in Brighton, Colorado, for almost twenty years. He had served as County Attorney for Adams County, and as a State District Judge for two years. During the years in question, in addition to practicing law, he acted as Assistant District Attorney for the First Judicial District of Colorado which was comprised of Adams, Arapahoe, Jefferson, Clear Creek and Gilpin Counties. Most of his work, both in the practice of law and as Assistant District Attorney, was in Adams County.

The basis of the government case is that Fischer failed to report items of income from his law practice and understated others, and that he failed to report income received by him from operators of slot machines in Adams County, Colorado. For the year 1949, Fischer admitted the failure to return fifty-four separate items of income from his law practice which totaled $1,365.85. Most of these items were small, but they in-

---

1. This section provides:

"Failure to collect and pay over tax, or attempt to defeat or evade tax. Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

cluded amounts of $50, $60, $75, $100, $110, and $250. In addition, there were fourteen understatements of amounts received which totaled $612.65. An operator of slot machines testified that he had entered into an agreement with Fischer whereby one-third of the income from slot machines was to be delivered to Fischer in return for certain protection from prosecution for the operation of the machines. He stated that each week Fischer's share of this income was placed in an envelope by a bookkeeper and that he delivered the envelope and contents to Fischer personally. The bookkeeper testified that one-third of the income from the slot machines was carried on the books as "legal fees" or "legal expenses" and cash representing that amount was placed in separate envelopes. There was evidence that in 1949 Fischer received from this source the sum of $1,022.73. For the year 1950, Fischer admitted receiving from his law practice seventy-seven items of unreported income, which totaled $7,097.93. One of these items was a $4,000 fee paid to him on April 3, 1950, and deposited in his savings account with a Denver bank. In the same year there were also twelve understated items which totaled $663.18. The evidence shows that for the year 1950 Fischer received $3,790.93 as protection money. Fischer denied receiving any of the slot machine payments, and testified that his failure to report the other items of income was the result of oversight, neglect and sloppy bookkeeping, and was not done willfully.

▮▮ The evidence in this case establishes that Fischer was experienced in the law; that he had substantial unreported income from illegal sources; and that unreported and understated items of income during the taxable periods were continuous and constituted a large portion of his income. These were circumstances from which the jury could properly conclude that Fischer willfully attempted to evade a large part of his income taxes for the periods in question. Graves v. United States, 10 Cir., 191 F.2d 579, 582; United States v. Venuto,

3 Cir., 182 F.2d 519, 521; United States v. Hornstein, 7 Cir., 176 F.2d 217, 220; Halle v. C. I. R., 2 Cir., 175 F.2d 500, 503, certiorari denied 338 U.S. 949, 70 S.Ct. 485, 94 L.Ed. 586; Stinnett v. United States, 4 Cir., 173 F.2d 129, 130, certiorari denied 337 U.S. 957, 69 S.Ct. 1531, 93 L.Ed. 1756; Gleckman v. United States, 8 Cir., 80 F.2d 394, 401, certiorari denied 297 U.S. 709, 56 S.Ct. 501, 80 L.Ed. 996; Cf. United States v. Murdock, 290 U.S. 389, 394, 54 S.Ct. 223, 78 L.Ed. 381. It is not necessary for the government to prove the exact amount of unreported income in cases of this kind. It is sufficient if the evidence shows that the unreported amounts were substantial, and that the failure to report was willful. Holland v. United States, 10 Cir., 209 F.2d 516, 522, and the cases there cited.

It is urged that the court committed error in its instructions to the jury by failing to properly define the term "willfully" as used in the statute, and in its instructions relating to reasonable doubt and circumstantial evidence. The court gave a rather extensive and careful definition of the word "willful". It did not state in so many words that to constitute a violation of the statute, the attempt to evade income taxes must be done "with a bad purpose". The instruction on reasonable doubt was in the language usually approved by the courts. After stating what constituted reasonable doubt, the court told the jury that if it did not believe the defendant to be guilty beyond a reasonable doubt, "it is your duty to acquit" him. The objection to the instruction is that it did not say that the jury "must" acquit the defendant if there was a reasonable doubt of his guilt. In determining whether Fischer acted willfully, the jury was told that it is difficult to determine what goes on in the mind of a man, and that this can be determined only from inferences fairly and reasonably to be drawn from proven facts and circumstances including "the kind of evasion, if any, you find the defendant committed". It is contended that this instruction was an attempt to

instruct on circumstantial evidence and that it was insufficient.

■ No objection was taken to any part of the instructions and the defendant did not suggest or offer any additional instructions.[2] It is settled law that appellate courts will not consider instructions to which no objections were taken at the time of trial. Fed.Rules Cr.Proc. rule 30, 18 U.S.C.A.; Apodaca v. United States, 10 Cir., 188 F.2d 932; Ryles v. United States, 10 Cir., 172 F.2d 72, reversed on other grounds 336 U.S. 949, 69 S.Ct. 882, 93 L.Ed. 1104; Thayer v. United States, 10 Cir., 168 F.2d 247; Berenbeim v. United States, 10 Cir., 164 F.2d 679, certiorari denied 333 U.S. 827, 68 S.Ct. 454, 92 L.Ed. 1113. The foregoing rule is subject, however, to the exception that an appellate court has inherent power, upon its own motion, to inquire into the adequacy of a charge in cases where there is grave error which amounts to a denial of a fundamental right of the accused. Fed.Rules of Cr. Proc. rule 52(b), 18 U.S.C.A.; Apodaca v. United States, supra; Ryles v. United States, supra; Madsen v. United States, 10 Cir., 165 F.2d 507. We have carefully examined the record and find no error in the court's instructions which amount to a denial of any fundamental right of the appellant.

■ Appellant next assigns as error the admission in evidence of two exhibits and certain testimony. The slot machine operators who testified that Fischer received income, used the firm name of "American Amusement Company". The persons collecting money from the different machines prepared tickets as the collections were made showing the machines from which the money came. These tickets, together with the cash, were brought to the company office and the bookkeeper compiled summary sheets from the tickets which showed the total receipts from the various machines. These sheets were made in the regular course of business and constituted a part of the books of the company relating to its income and were the basis upon which the division was made with Fischer. They were admissible for this purpose. 28 U.S.C.A. § 1732.

■ The second exhibit was a printed booklet written and published by Fischer in 1943, entitled "Mind Your Own Business". One section of the book was captioned "Income Tax, Keeping Records". In this section the reader is cautioned to "Be sure to keep all dates, amounts and items with some degree of accuracy". It suggested a simple and practical method of keeping records to avoid difficulty in income tax matters. The author points out the pitfalls which he now asserts as a defense and upon which he relies to negative any willfulness on his part when he failed to return all of his income. The booklet was admissible upon the issue of willfulness.

■■ During the direct examination of one of the partners in the American Amusement Company, the court directed the District Attorney to pursue a line of questioning to "find out where, and when, and under what circumstances" an incident occurred. It is contended that this direction transcended the bounds of an impartial presiding judge and tended to convey to the jury that special weight should be given to such testimony. There is no merit to the contention. The trial court is not a mere umpire in the trial of a case. One of its functions is to see that all relevant facts are brought intelligibly to the attention of the jury and it may intervene in the conduct of the trial for this purpose. The court has the power, within reasonable bounds, to question a witness for the purpose of eliciting the truth and there is no reason why it may not direct an attorney to

---

2. At the conclusion of the instructions the following colloquy occurred:

"The Court: Do you have any exceptions?

"Mr. Mellman: None that I think of right now.

"The Court: This is your last chance if you have any. If you have any, I want to know.

"Mr. Mellman: I don't know of any, Judge."

pursue a line of questioning if it is relevant to the case. Glasser v. United States, 315 U.S. 60, 82, 62 S.Ct. 457, 86 L.Ed. 680; Quercia v. United States, 289 U.S. 466, 469, 53 S.Ct. 698, 77 L.Ed. 1321; Griffin v. United States, 83 U.S. App.D.C. 20, 164 F.2d 903, certiorari denied 333 U.S. 857, 68 S.Ct. 727, 92 L.Ed. 1137, new trial granted on other grounds 87 U.S.App.D.C. 172, 183 F.2d 990; National Mut. Casualty Co. v. Eisenhower, 10 Cir., 116 F.2d 891; United States v. Gross, 7 Cir., 103 F.2d 11, 13; United States v. Breen, 2 Cir., 96 F.2d 782, certiorari denied 304 U.S. 585, 58 S.Ct. 1061, 82 L.Ed. 1546.

■ Lastly, it is contended that the trial court erroneously denied defendant's motion for a bill of particulars. The motion requested that the defendant be furnished with (1) the nature, source and amount of each item of gross income which the government claimed the defendant received; (2) the type and amount of each item of deduction allowed or disallowed by the government in computing his net income; (3) the source of the government's information as to each item of income, and (4) the nature and amount of each item of gross income not taken from the books of the company. The purpose of a bill of particulars is to define more specifically the offense charged. It is not for the purpose of disclosing in detail the evidence upon which the government expects to rely. Norris v. United States, 5 Cir., 152 F.2d 808, 811, certiorari denied 328 U.S. 850, 66 S.Ct. 1118, 90 L.Ed. 1623; Kempe v. United States, 8 Cir., 151 F.2d 680; Rose v. United States, 9 Cir., 149 F.2d 755; United States v. Wexler, D.C. S.D.N.Y., 6 F.Supp. 258, affirmed, 2 Cir., 79 F.2d 526, certiorari denied 297 U.S. 703, 56 S.Ct. 384, 80 L.Ed. 991. Generally, in criminal cases the granting of a motion for a bill of particulars is addressed to the sound judicial discretion of the trial court and its action will not be disturbed on appeal in the absence of an abuse of discretion. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; Rose v. United States, 10 Cir., 128 F.2d 622, certiorari denied 317 U.S. 651, 63 S.Ct. 47, 87 L.Ed. 524; Gates v. United States, 10 Cir., 122 F.2d 571, certiorari denied 314 U.S. 698, 62 S. Ct. 478, 86 L.Ed. 558; Fredrick v. United States, 9 Cir., 163 F.2d 536, certiorari denied 332 U.S. 775, 68 S.Ct. 87, 92 L.Ed. 360; Lett v. United States, 8 Cir., 15 F. 2d 686.[3] The evidence does not disclose that there was any abuse of discretion in the denial of the motion. Fischer knew all of the unreported items of income received from his law practice which would be shown at the trial. Ear-

---

**3.** In Wong Tai v. United States, supra, the Supreme Court said [273 U.S. 77, 47 S.Ct. 302]:

"The defendant also made a motion, supported by affidavit, for a detailed bill of particulars, setting forth with particularity the specific facts in reference to the several overt acts alleged in the indictment, with various specifications as to times, places, names of persons, quantities, prices, containers, buildings, agencies, instrumentalities, etc., and the manner in which and the specific circumstances under which they were committed. This motion—which in effect sought a complete discovery of the Government's case in reference to the overt acts—was denied on the ground that the indictment was sufficiently definite in view of the unknown matters involved and the motion called 'for too much details of evidence.'

"The application for the bill of particulars was one addressed to the sound discretion of the court, and, there being no abuse of this discretion, its action thereon should not be disturbed. See Rosen v. United States, 161 U.S. 29, 40, 16 S.Ct. 434, 480, 40 L.Ed. 606; Dunlop v. United States, 165 U.S. 486, 491, 17 S.Ct. 375, 41 L.Ed. 799; Knauer v. United States, 8 Cir., 237 F. 8, 13; Horowitz v. United States, 2 Cir., 262 F. 48, 49; Savage v. United States, 8 Cir., 270 F. 14, 18. And there is nothing in the record indicating that the defendant was taken by surprise in the progress of the trial, or that his substantial rights were prejudiced in any way by the refusal to require the bill of particulars. See Connors v. United States, 158 U.S. 408, 411, 15 S.Ct. 951, 39 L.Ed. 1033; Armour Packing Co. v. United States, 209 U.S. 56, 84, 28 S.Ct. 428, 52 L.Ed. 681; New York Central R. R. Co. v. United States, 212 U.S. 481, 497, 29 S.Ct. 304, 53 L.Ed. 613."

ly in the investigation, he advised agents of the Bureau of Internal Revenue that he had not received any payments as protection money to permit illegal operation of slot machines. He stated that he had no other income than that received from his law business and reiterated such denials at the trial. It does not appear that the proof of payments as protection money came as a surprise and no objection was made to its introduction on that ground. It may well be that the motion should have been granted as to the source of the payments received from the slot machines, but the record as a whole does not disclose that the refusal of the court to require this information to be furnished was an abuse of discretion or prejudiced the defendant to such an extent as to warrant a reversal. Rose v. United States, 10 Cir., 128 F.2d 622.

Judgment affirmed.