**Joseph F. CEFALU, Appellant,**

v.

**UNITED STATES of America,**
Appellee (two cases).

Nos. 5277, 5278.

United States Court of Appeals
Tenth Circuit.

May 15, 1956.

Rehearing Denied July 3, 1956.

Joseph N. Lilly and Francis S. Mancini, Denver, Colo., for appellant.

Donald E. Kelley, U. S. Atty., Denver, Colo. (Robert Swanson, Asst. U. S. Atty., Denver, Colo., on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

BRATTON, Chief Judge.

These are appeals in two criminal cases. The indictment in Number 13833 in the United States Court for Colorado contained two counts. It was charged in the first count that Eugene Smaldone, also known as Checkers Smaldone, Clyde George Smaldone, also known as "Flip Flop" Smaldone, Fiore Smaldone, Louis F. Smaldone, William Calvaresi, Jerry Bennallo, Jr., Michael J. Benallo, and Joseph F. Cefalu entered into a conspiracy to obstruct the due administration of justice by corruptly endeavoring to influence, intimidate, and impede various petit jurors summoned on panels of the United States Court for Colorado, in the case of the United States against Eugene Smaldone, set for trial on June 2, 1953, and for retrial on September 21, 1953, in violation of 18 U.S.C. § 1503. Twenty-two overt acts were pleaded in connection with such count. It was charged in the second count that the same persons entered into a conspiracy to give and offer monies, things of value, and bribes to various jurors summoned on the panels in the case referred to in the first count, in violation of 18 U.S.C. § 206. Twenty-two overt acts—identical with those pleaded in connection with the first count—were pleaded in connection with the second count. The cause, and other causes having no present material bearing, were tried. But the defendant Cefalu was not among those on trial. The defendants then on trial were found guilty on various counts and charges, and sentences were imposed. On appeal, the judgments were upheld in part and reversed in part. Calvaresi v. United States, 10 Cir., 216 F.2d 891. On certiorari, the judgments were severally reversed and the causes were remanded for retrial. Calvaresi v. United States, 348 U.S. 961, 75 S.Ct. 522, 99 L.Ed. 749.

The indictment in Number 13849 in the United States Court for Colorado contained two counts. The first count charged that Joseph F. Cefalu corruptly, by threats, force, and threatening communication, endeavored to and did influence, intimidate, and impede a petit juror of the United States Court for Colorado, in the cause of the United States versus Eugene Smaldone, in violation of 18 U.S.C. § 1503. And the second count charged that the accused gave and offered to give money, a thing of value, and a bribe to a juror summoned on the panel in the case of United States v. Eugene Smaldone, with the intent to influence such juror's action and decision, in violation of 18 U.S.C. § 206.

After Number 13833 was remanded for retrial, that case insofar as it related to the defendant Cefalu and Number 13849 were consolidated for trial. The defendant was found guilty on both counts of the indictment in Number 13833 and guilty on the first count of the indictment in Number 13849. The other count of the indictment in Number 13849 was dismissed. Sentences were imposed, separate appeals were perfected, and the cases were briefed and argued together.

■■ Error is predicated upon the action of the court in denying motions for bills of particulars. The accepted general rule for determining the suf-

ficiency of an indictment when challenged by demurrer or motion to dismiss is whether it contains the elements of the offense intended to be charged against the accused and sufficiently apprises him of the nature of the specific charge to enable him adequately to prepare his defense and to plead the judgment entered in the cause in bar to any later proceedings against him based upon the same offense. United States v. Behrman, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619; Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Travis v. United States, 10 Cir., 123 F. 2d 268; Rose v. United States, 10 Cir., 128 F.2d 622, certiorari denied 317 U.S. 651, 63 S.Ct. 47, 87 L.Ed. 524. And the further accepted general rule is that if the indictment charges in general language all of the essential elements of the offense with sufficient certainty that it is not open to attack on the ground of being fatally infirm but fails to inform the accused with sufficient particularity of the charges against which he will have to defend at the trial, the remedy is to move for a bill of particulars. Billingsley v. United States, 8 Cir., 16 F. 2d 754; O'Neill v. United States, 8 Cir., 19 F.2d 322.

But the function of a bill of particulars is to define more specifically the offense charged. It is not to disclose in detail the evidence upon which the Government will rely at the trial. Fischer v. United States, 10 Cir., 212 F.2d 441. And a motion or other appropriate request for a bill of particulars enlarging upon the indictment is addressed to the sound judicial discretion of the trial court, and the denial thereof will not be disturbed on appeal unless there was an abuse of discretion. Dunlop v. United States, 165 U.S. 486, 17 S.Ct. 375, 41 L.Ed. 799; Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L. Ed. 545; Rose v. United States, supra; Fischer v. United States, supra; Hooper v. United States, 10 Cir., 216 F.2d 684.

With the guiding light afforded by these general principles, we come to the pivotal question whether the denial of the motions for bills of particulars transcended the range of sound judicial discretion vested in the trial court. The indictments in these cases each charged in general terms all of the essential elements of the crimes laid in the several counts, respectively. But the offenses were charged in very general language. In one case, neither the indictment nor the overt acts pleaded therein gave the names or other identity of the jurors sought to be or actually influenced, intimidated, or impeded; the names or other identity of the acquaintances through whom it was sought to influence, intimidate, or impede, or who actually influenced, intimidated, or impeded, jurors; or the names or other identity of jurors to whom bribes or things of value were offered, given, or paid. And in the other case, the indictment failed to give the name or other identity of the single juror influenced, intimidated, or impeded, or the name or other identity of the single juror to whom a bribe was offered and paid. In these respects, both indictments were completely silent. While the record fails to disclose the number of jurors on the two panels, it may safely be assumed that there were fifty or more on each panel, or one hundred or more in the aggregate. Still, the indictments failed to inform appellant with any particularity whatever the names of the jurors sought to be or actually influenced, intimidated, or impeded; the names of acquaintances who sought to or did influence, intimidate, or impede jurors or the names of jurors who were offered or paid bribes or other things of value. It is manifest that in the very nature of things appellant could not know from the face of the indictment with any particularity the evidence against which he would have to defend himself at the trial and could not adequately prepare his case for trial. In Number 13833, appellant was entitled to a bill of particulars giving the names of the jurors the Government charged appellant or other parties to the conspiracy sought to or did influence, intimi-

date, or impede; the names of the acquaintances the Government charged attempted to or did influence, intimidate, or impede jurors; and the names of the jurors the Government charged were offered or paid bribes or other things of value. In Number 13849, appellant was entitled to a bill of particulars giving the name of the single juror the Government charged was influenced, intimidated, or impeded. And the refusal of the court to require the Government to file bills of particulars enlarging upon the indictments in such particulars constituted an abuse of discretion.

Other contentions are advanced for reversal of the judgments. These have been examined, and we fail to find merit in them.

The judgments are severally reversed and the causes are severally remanded.

On Petition for Rehearing.

MURRAH, Circuit Judge.

I dissent only from that part of the judgment of this court which reverses the trial court's denial of a bill of particulars on the conspiracy indictment Number 13833.

When an almost identical indictment was challenged for uncertainty in Calvaresi v. United States, 10 Cir., 216 F.2d 891, 897, we said that "It was necessary for the Government to allege only that such an agreement was made and that an overt act occurred"; that "how many jurors they actually contacted or how many friends of jurors they sought to influence was not an element of this charge. All the Government had to prove was the unlawful

agreement to tamper with this specific jury in the manner specifically set out therein, for the purpose of violating the two criminal statutes involved.  *  *  * What individual jurors, or how many, or what friends of prospective jurors they undertook to contact would become material only when they went to trial for the substantive offenses."

While the Calvaresi case was reversed "for retrial before a different judge", there is nothing in the reversal to militate against the soundness of this concept of pleading. In the language of the Calvaresi case, the conspiracy indictment sets forth all the substantive elements of the offense and informs the defendant of the specific crime of which he is accused. And, this is all the Rule requires. See Rule 7(c) Fed. Rules Crim.Proc., 18 U.S.C.A. Indeed, to require more is to take us back to the anachronisms of ancient pleadings.

With the advent of the Federal Rules of Criminal Procedure, we embraced a new and realistic concept of pleading, one which looks to substantive rather than to technical forms. And, I cannot refrain from expressing apprehension lest this case be used as a precedent for the return to ludicrous forms which we have just now been enabled to discard. There is nothing in this record to indicate that the defendant was taken by surprise in the progress of the trial or that his substantive rights were prejudiced in any way by the refusal of the court to require the Government to name the particular jurors or friends of jurors which the defendant is charged with having conspired to intimidate or influence, and I would affirm the conviction on the conspiracy indictment.