Carl E. **ENLOW**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 5464.

United States Court of Appeals
Tenth Circuit.

Jan. 2, 1957.

888

Ray A. Curran, Lakewood, Colo. (Richard H. Simon, Englewood, Colo., was with him on the brief), for appellant.

John S. Pfeiffer, Asst. U. S. Atty., Denver, Colo. (Donald E. Kelley, U. S. Atty., Denver, Colo., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The defendant, Carl Enlow, was convicted on the first count of an indictment which charged him with the willful attempt to evade and defeat a large part of the income tax due and owing by him and his wife for the year 1949, by filing a false and fraudulent income tax return, in violation of 26 U.S.C.A. § 145(b).[1] This appeal is from a judgment and sentence of three years imprisonment and a fine of $500. The assignments of error relate to the denial of a motion for a bill of particulars and rulings upon the admissibility of evidence.

Defendant became Sheriff of Jefferson County, Colorado in 1949. The record on appeal does not contain any of the evidence offered by the government to prove the defendant's income for that year, but from statements in the record, the briefs and oral arguments, it appears that the disputed income had its source in sums alleged to have been received by the defendant while Sheriff as pay-offs for the illegal operation of slot machines and other gambling devices in his county. A timely motion for a bill of particulars was filed in which an order was sought directing the United States Attorney for the District of Colorado to furnish to the defendant the exact amount, the date and the source of each particular sum alleged to have been received as income by the defendant or his wife during the year 1949. In addition the motion requested that defendant be furnished with the name and address of each and every person alleged to have paid to the defendant or his wife any sums during the year 1949 which were included in the alleged gross income set forth in the indictment. Defendant's affidavit, attached to the motion, stated that he had no knowledge of having received any income during the year 1949 other than that shown in the income tax return and that unless the requested information was furnished, he would be unable to prepare his defense. This motion was denied.

The law is well settled that a motion for a bill of particulars in criminal cases is addressed to the sound discretion of the trial court and the action taken thereon will not be disturbed on appeal in the absence of an abuse of discretion. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; Cefalu v. United States, 10 Cir., 234 F.

---

1. The first count of the indictment charges that the return filed by Enlow on behalf of himself and wife stated that their adjusted gross income for the year 1949 was $3704.04, and that the tax due thereon was $313.72, whereas he well knew their joint adjusted gross income for that year was the sum of $9841.54, upon which there was due income tax in the sum of $1585.85.

2d 522; Rubenstein v. United States, 10 Cir., 214 F.2d 667; Fischer v. United States, 10 Cir., 212 F.2d 441, and Rose v. United States, 10 Cir., 128 F.2d 622.[2]

■ The record on appeal here included only selected portions of the evidence introduced at the trial; it does not include the evidence by which the prosecution sought to prove defendant's income. From the record before us, we cannot ascertain whether a bill of particulars would have been of any assistance to the defendant in the preparation of his defense, or that he was not prepared to defend the charges without the requested information. If we assume that the disputed income is from payoffs received from the illegal operation of slot machines and other gambling devices, the record does not disclose the evidence showing from whom these payoffs were received. The payments may have been made by many or by a very few. The record does disclose that as early as 1951 the defendant testified before a grand jury investigating illegal gambling operations in Jefferson County and shortly thereafter Internal Revenue Agents questioned him concerning the same and inquired if he had received any payments from those conducting illegal gambling operations. At the request of Internal Revenue Agents he went to Omaha, Nebraska for the purpose of discussing his 1949 income tax return. In each interview he was asked if he had received any income from these sources and replied that he had not. Sometime after the motion was denied, the court entered an order directing the United States Attorney to produce for inspection all papers, documents or tangible objects which were obtained from and belonged to the defendant. The United States Attorney was also required to produce for inspection by defendant any books, papers, documents or tangible evidence to be offered in evidence at the trial which had been seized from third persons or obtained by process. Clearly on the record before us there was no abuse of discretion in denying the motion for a bill of particulars as shown. There is no suggestion that defendant was taken by surprise in the progress of the trial or was unprepared to meet the testimony relating to his income or that any substantial rights were prejudiced by the refusal to grant the motion. See Wong Tai v. United States, supra; Fischer v. United States, supra; and Rose v. United States, supra. With all the proceedings and publicity before and after the indictment, one would be rather naive to believe that the defendant did not know exactly the source of the income which the government claimed he did not report.

■ In 1948 Robert H. Walker was Deputy Sheriff of Jefferson County, Colo-

2. The facts of this case are very much like those of the Fischer case, where we said in 212 F.2d at pages 445-446: "The purpose of a bill of particulars is to define more specifically the offense charged. It is not for the purpose of disclosing in detail the evidence upon which the government expects to rely. * * * [Citing cases] * * * Generally, in criminal cases the granting of a motion for a bill of particulars is addressed to the sound judicial discretion of the trial court and its action will not be disturbed on appeal in the absence of an abuse of discretion * * * [Citing cases] * * * The evidence does not disclose that there was any abuse of discretion in the denial of the motion. Fischer knew all of the unreported items of income received from his law practice which would be shown at the trial.

Early in the investigation, he advised agents of the Bureau of Internal Revenue that he had not received any payments as protection money to permit illegal operation of slot machines. He stated that he had no other income than that received from his law business and reiterated such denials at the trial. It does not appear that the proof of payments as protection money came as a surprise and no objection was made to its introduction on that ground. It may well be that the motion should have been granted as to the source of the payments received from the slot machines, but the record as a whole does not disclose that the refusal of the court to require this information to be furnished was an abuse of discretion or prejudiced the defendant to such an extent as to warrant a reversal."

rado, and contemplated seeking election as Sheriff. He had several conversations with the defendant, who also was considering the possibility of being a candidate for Sheriff. Walker was permitted to testify as to these conversations and the final understanding that defendant would seek election and, if elected, Walker would have a good position under him. He testified that the defendant told him that if he were elected there would be more money in the job than there had been previously. The defendant was permitted to show that shortly after defendant became Sheriff in 1949, salaries for the Under-Sheriff and deputies were raised. The record does not disclose that there was any other explanation of the statements. Under the circumstances, the evidence was admissible, but its probative value is doubtful.

■ Defendant's Under-Sheriff testified on behalf of the defendant. On cross-examination the prosecution, for impeachment purposes, produced stenographic notes of questions and answers given by the Under-Sheriff during a previous examination by Internal Revenue Agents. The reporter's original notes of the entire examination of the witness were introduced in evidence without objection. The reporter then read designated questions and answers from these notes. Following cross-examination, ·defendant's counsel suggested that the questions and answers given by the reporter should be transcribed. No offer of any other portions of the examination was made. As we understand defendant's contention, it is that the court should have required these particular questions and answers to have been transcribed and introduced in evidence. The contention is without merit. If such questions and answers had been transcribed by the reporter and introduced in evidence, they would have been the same as those which were read into the record by the reporter.

■ In the course of the government's case two witnesses were asked if they had had conversations with named persons. After answering in the affirmative, the witnesses were permitted to relate facts as to what occurred thereafter. Without a transcript of the entire record of the trial, we cannot ascertain if these questions were relevant, but they do not violate the hearsay rule as contended for by the defendant. Defendant urges that by permitting such examination, the jury would have before it the substance of the conversations which were hearsay as to the defendant. This does not follow, but if it did, it would not be objectionable. The witnesses testified only to the fact that there were conversations, and to acts thereafter, not to the declarations of others. The witnesses were subject to cross-examination as to the existence of these facts. 20 Am. Jur., Evidence, § 454; United States v. Sessin, 10 Cir., 84 F.2d 667; Harvey v. United States, 2 Cir., 23 F.2d 561, 566. We find no prejudicial error which justifies reversal.

Affirmed.