**Arnold Gerald TRITT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 295–69.

United States Court of Appeals,
Tenth Circuit.

Feb. 20, 1970.

Sumner J. Hatch, Salt Lake City, Utah (McRae & Richardson, Salt Lake City, Utah, on the brief), for appellant.

H. Ralph Klemm, Asst. U. S. Atty., Salt Lake City, Utah (C. Nelson Day, U. S. Atty., on the brief), for appellee.

Before LEWIS and HILL, Circuit Judges, and LANGLEY, District Judge.

LANGLEY, District Judge.

The appellant in this case, Arnold Gerald Tritt, a doctor of osteopathy, was convicted by a jury on 21 counts of a 22 count indictment charging him with violating the provisions of 21 U.S.C. § 331 (q) (2) by causing sales and deliveries of depressant and stimulant drugs as defined in 21 U.S.C. §§ 321(v) (1) (B), 321(v) (2) (B), and 321(v) (2) (C). On appeal, as in the trial court, he challenges the sufficiency of the indictment to state an offense. He also contends that within the meaning of the statute "causing sales" refers to illegal sales only, or sales to addicts or habitual users of the drugs, and not to sales made otherwise.

All counts of the indictment read the same except as to the date of the alleged offense, the person to whom the sale and delivery was caused to be made, the name of the drug, and the citation of the statute classifying the drug as a depressant or stimulant. The sufficiency of the indictment can be determined by considering Count I, therefore, as typical. It reads as follows:

"That on or about November 12, 1968, ARNOLD GERALD TRITT, D. O., an individual, did at Salt Lake City, within the Central Division, District of Utah, unlawfully cause to be sold and delivered to L. Bruce Lockwood, a government agent, a quantity of Biphetamine capsules, a "depressant or stimulant drug" within the meaning of 21 U.S.C. 321(v) (2) (B), in violation of 21 U.S.C. 331(q) (2)."

It is the appellant's position that this is not sufficiently explicit to apprise him of the offense charged, to enable him to prepare his defense, or to protect him against double jeopardy, and that the indictment is therefore fatally defective and not curable by a bill of particulars.

The portions of the sections of Title 21, U.S.C., which create the offenses with which we are concerned here read as follows:

*Section 331:*

"The following acts and the causing thereof are prohibited:

"(q) (2) The sale, delivery, or other disposition of a drug in violation of Section 360a(b) of this title."

*Section 360a:*

"(b) No person other than—

"(1) A person described in subsection (a) of this section, while such person is acting in the ordinary and authorized course of his business, profession, occupation or employment * * *

shall sell, deliver, or otherwise dispose of any depressant or stimulant drug to any other person."

These sections make it a criminal act for any person whatsoever to cause the sale or delivery of such drugs unless he is a member of a class of persons excepted under the provisions of Section 360a(a). That section excludes from the prohibition classes of persons whose usual and customary activities may require selling, delivering, or otherwise disposing of the drugs: manufacturers, wholesale druggists, pharmacies, hospitals, common carriers, and "practitioners licensed by law to prescribe or administer depressant or stimulant drugs, while acting in the course of their professional practice". 360a(a) (4). The appellant argues that the allegations in the indictment "give no hint or guidance to which portion or category of Title 21, 360a(a) the defendant is accused of violating". We think it is not necessary.

In Walker v. United States, 176 F.2d 796 (9 Cir.), the court said, "That a statute contains exceptions or exemptions does not mean that they must be negated in the indictment; nor need it negate other possible defenses". And in Nicoli v. Briggs, 83 F.2d 375 (10 Cir.), this court said " * * * it has

uniformly been held that it is unnecessary for the government to allege or prove that the defendant does not come within a class excepted by the statute. Where there is a general provision defining the elements of an offense, neither the indictment nor the proof need negative exceptions". Here, the essential elements of the offenses charged, as defined by the pertinent provisions of the statute, are (1) depressant or stimulant drugs and (2) causing the sale and delivery of such drugs to another person. Both elements are charged in each count of the indictment, along with the date, place, kind of drug, and persons involved. If in any instance the appellant believed that he came within one or more of the exceptions enumerated in Section 360a(a), it was incumbent upon him to say so. United States v. Rowlette, 397 F.2d 475 (7 Cir.). We hold, therefore, that the indictment was sufficient to apprise the appellant of the offenses charged.

The other contentions of the appellant require little discussion for disposition. He was furnished a bill of particulars that supplied additional details of the government's case clearly sufficient to enable him to prepare his defense, which is its purpose and function. Wyatt v. United States, 388 F.2d 395 (10 Cir.). The indictment, the record of all proceedings in the case, and the transcript of the trial are all available to him if needed to avoid being placed twice in jeopardy for the same offenses. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240; Flores v. United States, 338 F.2d 966 (10 Cir.). And his position that causing the sale or delivery of a depressant or stimulant drug is not prohibited by the statute unless the sale itself is illegal, or is made to an addict or habitual user, is totally without foundation. We have examined the pertinent sections of the statute and find nothing to support such view.

Affirmed.