UNITED STATES of America, Plaintiff,

v.

Jerry Thomas WHATLEY, Defendant.

No. CR–78–00046–D.

United States District Court,
W. D. Oklahoma.

April 5, 1978.

Larry D. Patton, U. S. Atty. by William S. Price, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Jerry Thomas Whatley pro se.

## ORDER

DAUGHERTY, Chief Judge.

The Indictment in this case contains three counts charging Defendant Jerry Thomas Whatley with violations of federal tax statutes. Count I alleges that during the calendar year 1975 Defendant failed to file an income tax return, in violation of 26 U.S.C. § 7203. Count II alleges that on or about May 12, 1975 Defendant supplied a false and fraudulent statement on an Employee's Withholding Allowance Certificate submitted to his employer, Sun Oil Company, in violation of 26 U.S.C. § 7205. Count III alleges that on or about March 8, 1976 Defendant supplied a false and fraudulent exemption form withholding statement to his employer, in violation of 26 U.S.C. § 7205.

Defendant has filed herein two motions, which are designated as a Request for Bill of Particulars Necessary to Attack Indictment and a Request for Bill of Particulars and Discovery Material in the Possession of the United States Attorney. The Government has filed a Response to said motions. The Court rules on said motions as follows:

### REQUEST FOR BILL OF PARTICULARS NECESSARY TO ATTACK INDICTMENT

Pursuant to Rule 7(f), Federal Rules of Criminal Procedure, Defendant moves for a court order directing the Government to furnish Defendant with a bill of particulars concerning numerous items relating to the charges against the Defendant. Defendant contends that he is entitled to the information sought in order that he might understand the charges sufficiently to prepare a proper defense, avoid surprise at trial, and protect himself from double jeopardy or future prosecution.

The Government responds that the Defendant's motions seek discovery of all the details of the Government's evidence and theory of the case, and asserts that it is not the function of a bill of particulars to disclose such information.

Defendant requests the following particulars:

(1) Information with regard to the Government's definition of the symbol "$" (requests 1–6); (2) information relating to the allegation in Count I that Defendant failed to supply information of his income to the Internal Revenue Service (requests 7–15); (3) information relating to the allegation in Count II concerning "withholding exemptions and allowances" (requests 16–18); (4) information relating to the Government's knowledge of when Defendant began his employment with Sun Oil Company (requests 19, 20); (5) information with regard to the Government's definitions of the words "anticipated" and "incur" as these words are used in Count III of the Indictment herein (requests 21–23).

The purposes of a bill of particulars are to inform an accused of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid and minimize the danger of surprise at time of trial, and to enable the accused to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes.

*Tritt v. United States,* 421 F.2d 928 (Tenth Cir. 1970); *Wyatt v. United States,* 388 F.2d 395 (Tenth Cir. 1968). In cases involving alleged violations of the federal tax statutes, a bill of particulars is especially desirable in the interest of justice to enable the accused to prepare his defense and avoid surprise at trial, and a motion for a bill of particulars in a tax case should be liberally treated. *See* Annot., Accused's right to bill of particulars in criminal prosecution for evasion of federal income taxes, 25 A.L.R.Fed. 8 (1975), § 4; 35 Am.Jur.2d *Federal Tax Enforcement* § 132 (1967). However, the grant or denial of a motion for a bill of particulars is within the discretion of the trial court. *Will v. United States,* 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); *Enlow v. United States,* 239 F.2d 887 (Tenth Cir. 1957).

■ The Court concludes that the Indictment against the Defendant in this case informs the Defendant of the nature of the charges against him with sufficient precision to enable Defendant to prepare for trial and avoid surprise, and it is sufficient to enable him to plead his acquittal or conviction in bar of another prosecution for the same offenses. Accordingly, Defendant's Request for Bill of Particulars Necessary to Attack Indictment is denied.

### REQUEST FOR BILL OF PARTICULARS AND DISCOVERY MATERIAL IN THE POSSESSION OF THE UNITED STATES ATTORNEY

In this request, Defendant seeks a court order directing the Government to furnish Defendant with certain particulars concerning the charges against the Defendant and to allow Defendant to inspect and copy all information relating to this case within the Government's custody, possession or control.

The Government responds that it will provide Defendant with all documents and tangible objects which it intends to introduce into evidence in its case in chief. On this basis, Defendant's motion, to the extent it seeks documents and tangible objects within the Government's possession, custody or control, is granted. The Government

is to furnish such items to the Defendant at the time and place as set out hereafter in this Order.

■ With regard to Defendant's request for a bill of particulars, the Court rules on Defendant's request as follows:

1. *Dates, times and places where it is claimed that Defendant had and received any of the gross income alleged in Count I.*

This request is denied. It is not the proper function of a bill of particulars to permit a Defendant to obtain information which is evidentiary in nature. *Cefalo v. United States,* 234 F.2d 522 (Tenth Cir. 1956). Despite the rule that a motion for a bill of particulars is to be viewed with liberality in a tax case, the Government is not to be required to provide information that is evidentiary in nature. *See, e. g., United States v. Garrison,* 353 F.Supp. 306 (E.D.La. 1972); *United States v. McNally,* 338 F.Supp. 341 (E.D.Pa.1972), *rev'd on other grounds,* 473 F.2d 934 (Third Cir. 1973), *aff'd mem.,* 491 F.2d 751 (Third Cir. 1973), *cert. denied,* 417 U.S. 948, 94 S.Ct. 3074, 41 L.Ed.2d 668 (1974); *United States v. Silverman,* 311 F.Supp. 485 (S.D.N.Y.1970); Annot., 25 A.L.R.Fed. 8, § 15.

2. *Identities of prospective Government witnesses (requests 2–4, 6, 7).*

This request is denied. The rule is well established in this Circuit that an accused in a non-capital case is not entitled to be furnished with a list of names of Government witnesses. *United States v. Pennick,* 500 F.2d 184 (Tenth Cir. 1974), *cert. denied,* 419 U.S. 1051, 95 S.Ct. 629, 42 L.Ed.2d 647 (1974); *United States v. Baca,* 494 F.2d 424 (Tenth Cir. 1974); *Carpenter v. United States,* 463 F.2d 397 (Tenth Cir. 1972), *cert. denied,* 409 U.S. 985, 93 S.Ct. 337, 34 L.Ed.2d 251 (1972); *United States v. Hughes,* 429 F.2d 1293 (Tenth Cir. 1970).

3. *Dates, times and places claimed by the Government to establish the alleged correct amount of allowances Defendant was entitled to with regard to Count II.*

This request is denied. As noted above, it is not the proper function of a bill of partic-

ulars to obtain information which is evidentiary in nature.

4. *The precise definition of the symbol "$" and/or the word "dollar."*

This request is denied. The Indictment against Defendant is sufficiently informative to enable Defendant to prepare for trial and avoid surprise.

Accordingly, the 7th day of April, 1978 at 10:00 a. m. at the offices of the United States Attorney, United States Court House, Oklahoma City, Oklahoma are designated as the time and place for the Government to furnish Defendant the items it is to furnish him pursuant to this Order.