UNITED STATES of America, Plaintiff,

v.

Jerry Lynn ALLEN, Defendant.

No. CR–80–32–D.

United States District Court,
W. D. Oklahoma.

Jan. 29, 1981.

Larry Patton, U. S. Atty. by Susie Pritchett, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Donald Joe Rockett, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

On March 4, 1980, the grand jury returned an Indictment against the above named Defendant. This matter is presently before the Court on Defendant's Motion to Suppress, Motion for Bill of Particulars and Motion to Produce Evidence Favorable to the Accused. Said Motions are supported

by a Brief and the government has filed a Brief in response thereto. The Court will consider the pending Motions seriatim.

## MOTION TO SUPPRESS

An evidentiary hearing was conducted in connection with the instant Motion on January 28, 1981. At said hearing Defendant sought to suppress certain video tapes of Defendant allegedly selling stolen firearms to an undercover policeman and certain checks endorsed by Defendant allegedly given to Defendant as payment for stolen firearms.

The only evidence presented at said evidentiary hearing was the testimony of Jim Kuchta, an officer with the Oklahoma City Police Department. Said testimony established the following: Officer Kuchta and other officers set up a special "sting"[1] operation. Officer Kuchta identified Defendant and stated that Defendant had been into the Linwood Appliance Store, the center of operations for the sting operation, on fourteen occasions to sell stolen property. On these occasions or certain of them the transaction between Defendant and the officers was video taped without Defendant's knowledge and Defendant was paid for the stolen goods with a check written by the officers. The checks were returned to the officers in the normal course of banking business bearing Defendant's endorsement. Officer Kuchta stated that they never asked for any particular items from the suspects but if the suspect asked about selling a particular item, the officers would express an interest in purchasing that item. The officers paid the first price asked by the suspects which led the officers to believe that they were paying more than the going rate for stolen items.

Defendant contends that the checks and video tapes should be suppressed because the conduct of the officers was so outrageous that due process bars the government from invoking judicial process. Further-

---

1. A "sting" operation is generally a police operation in which police officers pose as fences and purchase stolen goods from suspects in order to recover stolen property and make a case of receiving stolen property against a suspect.

more, Defendant asserts that the video tapes violate his Fifth Amendment rights not to incriminate himself.

■ The evidence presented in the instant case indicates that the video tapes and checks were not illegally obtained. The checks were given to Defendant who endorsed them and cashed them, and said checks were returned to the officers as part of the normal banking process. As to the video tapes depriving Defendant of his right against self-incrimination, it is well settled that a recording made of a suspect and a third person with the consent of the third person is admissible evidence since there is no expectation of privacy of a suspect who voluntarily engages in conversation with a third party. *See United States v. White*, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971); *United States v. Gocke*, 507 F.2d 820 (8 Cir. 1975), *cert. denied*, 420 U.S. 979, 95 S.Ct. 1407, 43 L.Ed.2d 660 (1975).

■ In the instant case, Defendant voluntarily entered the store and offered to sell allegedly stolen items to the officers. The officers' video taping of the transaction is admissible evidence because the actions of Defendant were apparently voluntary and the officers consented to the same. Under these circumstances Defendant has no reasonable expectation that said transactions will remain private.

■ As to Defendant's contention that the officers' conduct was so outrageous as to bar prosecution, the evidence presently before the Court does not support this contention. Defendant relies on dicta contained in *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), which reads in part:

> "While we may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction, ... the instant case is distinctly not of that breed." 411 U.S. at 431–32, 93 S.Ct. at 1642 (citations omitted).

In the *Russell* case the United States Supreme Court upheld the conviction of the defendant for manufacturing and selling methamphetamine even though the government admitted supplying the defendant with an essential ingredient for the manufacture of the drug.

Whether the conduct of the officers was outrageous is a question of law for the Court to decide. *United States v. Wylie*, 625 F.2d 1371 (9 Cir. 1980). In the instant case the Defendant voluntarily came to the shop and sold allegedly stolen goods. There is no evidence of coercion on the part of the officers. Therefore, based on the evidence before the Court at this time, the Court finds and concludes that the officers' conduct was not so outrageous as to bar prosecution. However, the Court will entertain Defendant's contention that the officers' conduct was outrageous upon an appropriate motion then made by Defendant at the close of the evidence at the trial of the instant case.

In view of the foregoing and after due consideration of all the grounds for suppression presented by Defendant in his Motion to Suppress, the Court finds and concludes that said Motion should be overruled. Accordingly, the video tapes and checks sought to be suppressed by the instant Motion should be admitted in evidence at the forthcoming trial herein.

## MOTION FOR BILL OF PARTICULARS

Pursuant to Rule 7(f), Federal Rules of Criminal Procedure, Defendant moves the Court for an order directing the government to furnish him with a bill of particulars as to the following matters embraced within the Indictment herein: the specific facts or occurrences which substantiate the statement in Count I of the Indictment herein that Defendant "engaged in the business of dealing in firearms . . . ."

The government responds that the instant Motion should be denied as the Indictment herein is sufficient to withstand the instant Motion and as the same seeks discovery of the government's evidence and it is not the proper function of a bill of partic-

ulars to obtain matters evidentiary in nature.

The purposes of a bill of particulars are to inform an accused of the nature of the charge or charges against him with specific precision to enable him to prepare for trial, to avoid and minimize the danger of surprise at the time of trial and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes. *Tritt v. United States*, 421 F.2d 928 (10 Cir. 1970); *Wyatt v. United States*, 388 F.2d 395 (10 Cir. 1968); *United States v. Whatley*, 480 F.Supp. 307 (W.D.Okl.1978). A defendant is not entitled to a bill of particulars unless the information requested would define more specifically the offense or offenses charged against him. *United States v. Evans*, 542 F.2d 805 (10 Cir. 1976), *cert. denied*, 429 U.S. 1101, 97 S.Ct. 1124, 51 L.Ed.2d 550 (1977); *United States v. Gleeson*, 411 F.2d 1091 (10 Cir. 1969). It is not the function of the bill of particulars to disclose in detail the evidence upon which the government will rely at trial. *Cefalu v. United States*, 234 F.2d 522 (10 Cir. 1956).

The Court finds that the counts in the Indictment in this case adequately apprise Defendant of the charges against him with sufficient precision to enable him to prepare for trial, avoid surprise in the case and be used as a bar to another prosecution(s). The information he seeks by this motion is evidentiary material of the kind referred to by the Tenth Circuit in *Cefalu v. United States, supra*, which is not subject to discovery by way of a bill of particulars.

Accordingly, Defendant's Motion for Bill of Particulars is overruled. *See United States v. Cooper*, 464 F.2d 648 (10 Cir. 1972), *cert. denied*, 409 U.S. 1107, 93 S.Ct. 901, 34 L.Ed.2d 688 (1973).

## MOTION TO PRODUCE EVIDENCE FAVORABLE TO THE ACCUSED

In this Motion, Defendant requests disclosure of "all evidence whatsoever which is favorable to said defendant or which contains exculpatory material." The government responds that it is unaware of the existence of any evidence favorable to Defendant or exculpatory and that if any such evidence should be discovered by the government, the government will supply the same to defense counsel. However, the government opposes the instant Motion insofar as Defendant seeks information beyond the scope of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

*Brady v. Maryland, supra*, establishes that a defendant is entitled on demand to disclosure by the government of evidence favorable to the accused where the evidence is material either to guilt or to punishment. Furthermore, disclosure of material which may substantially impeach the credibility of key government witnesses is required under *Brady*. *Giles v. Maryland*, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); *United States v. Harris*, 462 F.2d 1033 (10 Cir. 1972). However, the *Brady* rule does not require the government to open its files and assist in preparing a defense. *Moore v. Illinois*, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972). Requiring the government either to determine or disclose information which is arguably exculpatory, or which may become beneficial, or may lead to exculpatory material, is neither within the spirit nor the letter of the *Brady* doctrine. *United States v. Conder*, 423 F.2d 904 (6 Cir. 1970), *cert. denied*, 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970); *United States v. McDaniel*, 428 F.Supp. 1226 (W.D.Okla.1977). While *Brady* does not require the government to open its files and assist the defense, it does provide a very important constitutional safeguard to defendants and its mandate may not be disregarded, even in good faith. Because the determination of the exculpatory nature of any material is, at least prior to trial, a duty imposed upon the prosecutor, many problems and disputes are likely to arise if, during or after trial, the prosecutor's decisions in that regard are found to be inadequate. The Court directs that such disputes are to be resolved on the side of disclosure, so that problems and disputes

may be avoided. *See United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Therefore, the Court determines that Defendant's "Motion to Produce Evidence Favorable to the Accused" is granted insofar as the government shall be required to disclose for inspection and copying all information and material, if any, in the possession of the prosecutors or known to them, which tends to exculpate Defendant, either through an indication of his innocence, in mitigation of punishment should he be convicted, or of use in substantial impeachment of key government witnesses, and which has not previously been disclosed to Defendant. Defendant's Motion is in remaining part denied. Disclosure shall be at a time and place hereinafter set forth.

Accordingly, the 3rd day of February, 1981, at 10:00 a. m. at the office of the United States Attorney, United States Court House, Oklahoma City, Oklahoma, are designated as the time and place for the government to furnish Defendant with the items it is to furnish him pursuant to this Order.