**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Page HUGHES, Jr., Defendant-Appellant.**

**No. 470–69.**

United States Court of Appeals, Tenth Circuit.

May 1, 1970.

Rehearing Denied Sept. 23, 1970.

Harold Dodson, Oklahoma City, Okl., for appellant.

John E. Green, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HICKEY, Circuit Judges.

**1294**

HICKEY, Circuit Judge.

This is a direct appeal from Hughes' jury conviction of a manslaughter charge pursuant to 18 U.S.C. § 1112.

Hughes presents six issues to this court for determination:

(1) Whether 20 days are sufficient time for a court-appointed attorney to prepare to try a manslaughter charge?

(2) Was Hughes entitled to have the names of all witnesses who were scheduled to testify during the trial?

(3) Absent a transcript of the grand jury proceeding which indicted Hughes, was the district attorney required to provide Hughes' counsel with a statement of the nature of the evidence produced?

(4) Did the transfer of Hughes from the situs of the trial to another federal institution in another state deprive him of an opportunity to prepare an effective appeal because he was unable to confer with counsel?

(5) Did Hughes or his counsel receive a transcript pursuant to Rule 14 of this court and 28 U.S.C. § 753(b)?

(6) Was there sufficient evidence upon which a jury could determine beyond a reasonable doubt the guilt of Hughes?

The ugly episode which occurred in the Federal Reformatory at El Reno, Oklahoma, culminated in the death of a young inmate who participated in the all too prevalent perversions occurring in penal institutions.

After an investigation, a grand jury indicted Hughes charging him with voluntary manslaughter in heat of passion on a federal enclave. At the conclusion of a jury trial Hughes was found guilty and sentenced to ten years in prison. The direct appeal here considered followed.

■ Although Hughes complains of the lack of time allowed his appointed counsel to prepare for trial, there is nothing in the record to support such a claim, nor to indicate the issue was ever presented to the trial court. Under these circumstances, we will not review the claim. Williams v. United States,

323 F.2d 90 (10th Cir. 1963), cert. denied, 376 U.S. 906, 84 S.Ct. 659, 11 L.Ed. 2d 605 (1964).

■ By way of discovery motion Hughes sought the names of all witnesses to be used by the government. The trial court denied the motion on the grounds that Hughes was not charged with treason or other capital offense and therefore not entitled to a list of witnesses as requested. The court cited the statute, 18 U.S.C. § 3432, and our interpretation thereof in Thompson v. United States, 381 F.2d 664 (10th Cir. 1967). Only additional citations of authority sustaining the trial court's interpretation could be added.

■ It is uncontradicted that a transcript was not made of the grand jury proceedings and therefore was unavailable. We have held that this unavailability does not deny defendants a fair trial. McCaffrey v. United States, 372 F.2d 482 (10th Cir.), cert. denied, 387 U.S. 945, 87 S.Ct. 2078, 18 L.Ed.2d 1332 (1967); Thompson v. United States, *supra*. See also, Pinelli v. United States, 403 F.2d 998 (10th Cir. 1968), cert. denied, 395 U.S. 968, 89 S.Ct. 2116, 23 L.Ed.2d 755 (1969). The contention is that absent the transcript of grand jury proceedings, an accused is entitled to a statement of the nature of evidence produced before the grand jury. We conclude that such a memorandum if it exists is entitled to the same protection of privacy as the testimony transcribed. This circuit on two occasions held that particularized need of defense must be shown before the court considers granting such a discovery motion. Melton v. United States, 398 F.2d 321 (10th Cir. 1968); Hensley v. United States, 406 F.2d 481, 485 (10th Cir. 1968), citing Fed.R.Crim.P. 6(e). We can find no effort to show a need contained in the record before us, therefore the court was not required to consider the request in the motion.

■ The contention that the accused must actively participate in the preparation of the appeal with the attorney who

tried the matter to the jury attributes doubtful competence to the dedicated attorneys we hear arguing the cause of their clients. Counsel, aided by the record, is most competent to explore the issues and prepare the legal argument established therein. There is nothing in or outside the record that would suggest counsel in this case was incompetent or lacked diligence in the defense of his client. We therefore find no prejudice to Hughes because he was transferred to another institution away from the residence of his counsel. The record discloses Hughes was present at least ten days after the jury verdict had been returned.

It is contended that the court reporter failed to furnish a transcript of the proceedings to Hughes' attorney. It is admitted, however, that a transcript was made available to counsel and all requests for extension of time granted. The purpose of the rule cited is basically satisfied when a complete transcript is made available for the purpose intended by the rule to facilitate and perfect an appeal. The record before us does not disclose that these purposes were evaded or avoided to the prejudice of Hughes.

Finally it is contended there was insufficient evidence contained in the record to sustain the jury's verdict.

The proper test adopted by this circuit is contained in Maguire v. United States, 358 F.2d 442, 444 (10th Cir.) cert. dismissed, 385 U.S. 801, 87 S.Ct. 9, 17 L.Ed. 2d 48 (1966), cert. denied, 385 U.S. 870, 87 S.Ct. 138, 17 L.Ed.2d 97 (1966): "[The evidence must be viewed] in the light most favorable to the government, together with inferences which may fairly be drawn therefrom, and then determine whether there is substantial evidence from which a jury might properly find the accused guilty beyond a reasonable doubt." *Accord,* United States v. Turner, 421 F.2d 252 (filed Jan. 26, 1970); United States v. Mecham, 422 F.2d 838 (filed March 5, 1970). The elements of the offense were satisfied by the evidence of at least two witnesses to-

gether with the pathologist's report and the pictures admitted into evidence. Our examination of the record reveals that there was sufficient evidence to sustain the verdict.

Affirmed.