**UNITED STATES of America, Plaintiff,**

v.

**Peggy Dorene McDANIEL, Defendant.**

**No. CR–77–00052–D.**

United States District Court,
W. D. Oklahoma.

March 9, 1977.

---

David L. Russell, U.S. Atty., by Duane Miller, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff.

Kent Eldridge, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Defendant Peggy Dorene McDaniel has filed multiple Motions herein to which the Government has responded and which Motions are ruled on by the Court as follows:

## MOTION FOR REPORTS OF EXAMINATIONS AND TESTS

■ In this Motion, Defendant requests that she be permitted to inspect and copy any results or reports of examinations and tests made by Plaintiff and that she be afforded a sample of the controlled substance involved herein for purposes of an independent examination and inspection. The Government in its Response agrees to provide Defendant with copies of all scientific tests made in this case and to provide Defendant with a sample of the controlled substance. On this basis, this Motion should be sustained. The Government is ordered to furnish such items to Defendant or her counsel at the time and place as set out hereafter in this Order.

## MOTION FOR DISCOVERY AND INSPECTION; FOR SUBPOENA AND EXCULPATORY MATERIAL

■ In this Motion, Defendant requests multiple items, to include the following: (1) that she be permitted to inspect and copy books, papers, documents, photographs, tangible objects, buildings or places; (2) disclosure of Defendant's prior record; and (3) disclosure of exculpatory matter. Defendant further requests that a subpoena be issued to appropriate individuals and agencies to produce the matters sought in this Motion. The Government in its Response agrees to permit Defendant to inspect or copy all books, papers, documents, photographs, or other tangible objects and agrees to provide Defendant with a copy of her prior criminal record. The portion of Defendant's Motion requesting the above items should be sustained and the Government is ordered to furnish such items to Defendant or her counsel at the time and place as set out hereafter. In its Response, the Government advises that it possesses no information exculpatory in nature to Defendant but that it is mindful of its continuing duty to disclose the same and will govern its future actions accordingly. On this basis, that portion of the Motion requesting exculpatory material should be overruled. As the Government has agreed to furnish Defendant with all requested material in its possession, there is no need for a subpoena to be issued as requested by Defendant. Accordingly, such request is denied.

## MOTION FOR COPIES OF DEFENDANT'S STATEMENTS

■ In this Motion, Defendant requests disclosure of all written or recorded statements made by Defendant and the substance of any oral statements obtained from her. The Government in its Response agrees to provide Defendant with copies of her written statements. On this basis, this Motion should be sustained. The Government is ordered to furnish Defendant with a copy of her statements, to include all written or recorded statements plus the substance of any oral statements obtained from Defendant, in the manner as set out hereafter.

## MOTION FOR TRANSCRIPT OF TESTIMONY AND EVIDENCE BEFORE GRAND JURY AND FOR MINUTES OF PROCEEDINGS OF GRAND JURY

■ The Motion is self explanatory. The Government in its Response advises that there was no recorded testimony taken before the Grand Jury. There is no requirement that Grand Jury testimony be recorded. *United States v. Evans,* 542 F.2d 805 (Tenth Cir. 1976); *United States v. Beathune,* 527 F.2d 696 (Tenth Cir. 1975);

*United States v. Skolek,* 474 F.2d 582 (Tenth Cir. 1973); *United States v. Cooper,* 464 F.2d 648 (Tenth Cir. 1972) cert. denied, 409 U.S. 1107, 93 S.Ct. 902, 34 L.Ed.2d 688 (1973); *United States v. Poe,* 398 F.Supp. 487 (W.D.Okl.1975). On this basis, that part of Defendant's Motion requesting a transcript of the Grand Jury testimony should be overruled. The Government further responds that there was no physical evidence presented to the Grand Jury. On this basis, the portion of the Motion relating to same should be overruled. The Clerk by this Order is authorized to allow Defendant or her counsel to inspect the Grand Jury minutes if she desires.

## MOTION FOR ORDER REQUIRING GOVERNMENT TO FURNISH NAMES OF PERSONS WHO HAVE RECEIVED GRANT OF IMMUNITY

■ This Motion is self explanatory. The Government in its Response advises that there have been no grants of immunity in this case. On this basis, this Motion should be overruled.

## MOTION FOR ORDER REQUIRING GOVERNMENT TO NAME INFORMANTS

■ This Motion is self explanatory. The Government in its Response has furnished Defendant with the information requested. On this basis, this Motion should be overruled.

## MOTION TO REQUIRE GOVERNMENT TO DESCRIBE AND MAKE AVAILABLE EVIDENCE INTENDED FOR USE AT TRIAL

■ This Motion is self explanatory. The Government in its Response agrees to provide Defendant with an opportunity to examine the physical evidence it intends to use at trial. On this basis, this Motion should be sustained and the Government is ordered to allow Defendant or her counsel the opportunity to examine all such evidence in the manner as set out hereafter.

## MOTION TO FURNISH A LIST OF POTENTIAL WITNESSES, INCLUDING A LIST OF PRIOR CRIMINAL RECORDS ON EACH WITNESS

■ This Motion is self explanatory. The Government responds that Rule 16, Federal Rules of Criminal Procedure, does not entitle Defendant to a list of Government witnesses. As the Court agrees with the Government on this point, Defendant's request for such should be denied. The rule is well established in this Circuit that an accused in a non-capital case is not entitled to be furnished with a list of names of Government witnesses. *United States v. Pennick,* 500 F.2d 184 (Tenth Cir. 1974) cert. denied, 419 U.S. 1051, 95 S.Ct. 629, 42 L.Ed.2d 647 (1974); *United States v. Baca,* 494 F.2d 424 (Tenth Cir. 1974); *United States v. Hughes,* 429 F.2d 1293 (Tenth Cir. 1970); *United States v. Gaddis,* 418 F.Supp. 869 (W.D.Okl.1976). The Government is not required to inform a defendant, prior to trial, of the criminal records of its witnesses. *United States v. Conder,* 423 F.2d 904 (Sixth Cir. 1970) cert. denied, 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970); *Hemphill v. United States,* 392 F.2d 45 (Eighth Cir. 1968) cert. denied, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968). Accordingly, Defendant's Motion for disclosure of same should be overruled.

## MOTION FOR WIRETAP AND/OR OTHER ELECTRONICALLY GATHERED INFORMATION AND/OR EVIDENCE

■ The Motion is self explanatory. The Government in its Response advises that there was no wire tap evidence gained in this case. On this basis, this Motion should be overruled.

## PLEA TO JURISDICTION OF THE COURT AND MOTION TO DISMISS THE INDICTMENT AND FOR DISCOVERY OF JUSTICE DEPARTMENT GUIDELINES

In said Motion, Defendant urges that the Indictment be dismissed based on a number

of grounds, to include the following: (1) Indictment fails to allege facts sufficient to constitute an offense against the laws of the United States; (2) Court lacks jurisdiction of Defendant as the crime alleged against said Defendant is a State crime, involving a local defendant, a local police officer and a local situation with no adequate Federal-State nexus justifying Federal intervention; (3) the Court's intervention in a purely local matter denies Defendant due process of the law under the United States Constitution as it circumvents Defendant's right under the Oklahoma Constitution to a speedy and public trial by an impartial jury of the county in which the crime was alleged to have been committed; (4) that the United States Attorney for this District exceeded his authority by his failure to follow the guidelines, rules, and regulations of the Department of Justice with regards to his having submitted a State crime to the Federal Grand Jury; (5) that the fact that only the local offenses alleged to have been committed in Cleveland County, Oklahoma are being submitted to the Federal Grand Jury for this District constitutes a denial of equal protection and the guidelines of the Justice Department; and (6) the prosecution of the alleged offense charged herein was not commenced within such time as to afford Defendant her rights to due process of law and a speedy trial under the Fifth and Sixth Amendments to the United States Constitution. In this Motion, Defendant requests that the Government be ordered to provide Defendant with a copy of the Department of Justice guidelines; that there be an evidentiary hearing on the matters raised in this Motion; and that the Court dismiss the instant Indictment.

The Government responds (1) that the Indictment in this case is drafted in the language of the statute involved, 21 U.S.C. § 841(a)(1); (2) that this Court has jurisdiction of this case as Defendant is charged with a violation of the Federal law with said violation allegedly occurring in this Judicial District; (3) that there is no Department of Justice guideline, rule or regulation which provides that the United States Attorney cannot prosecute violations of Federal law; and (4) that the United States Attorney prosecutes any violations of Federal law which occur in any county in this District and which are presented to the United States Attorney's Office for prosecution.

■ The Indictment charges an offense following the language of the statute involved. *Robbins v. United States,* 476 F.2d 26 (Tenth Cir. 1973). In *United States v. Tokoph,* 514 F.2d 597 (Tenth Cir. 1975), the Circuit Court stated:

"The test we employ in determining an indictment's legal sufficiency is 'whether it contains the elements of the offense charged and appraises the accused of the nature of the charge, so as to enable him to prepare a defense and to plead the judgment in bar.' *Mims v. United States,* 332 F.2d 944 (10th Cir. 1964), cert. denied, 379 U.S. 888, 85 S.Ct. 158, 13 L.Ed.2d 92 (1964)."

An examination of the Indictment involved in this case discloses that the same sets out an offense against the United States and all essential elements constituting such offense in violation of 21 U.S.C. § 841(a)(1). On this basis, that portion of Defendant's Motion relating to the sufficiency of the allegations of the instant Indictment should be overruled.

■ 18 U.S.C. § 3231 [1] lodges original jurisdiction of all offenses against the United States in the district courts. The Indictment in this case charges Defendant with an offense against the United States in language similar to that of the statute. Subject matter jurisdiction was vested in

---

1. This statute provides:

   "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

   "Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."

this Court upon the filing of the Indictment. *United States v. Perea,* 413 F.2d 65 (Tenth Cir. 1969) cert. denied, 397 U.S. 945, 90 S.Ct. 960, 25 L.Ed.2d 125 (1970). Accord, *Smith v. United States,* 356 F.2d 868 (Eighth Cir. 1966) cert. denied, 385 U.S. 820, 87 S.Ct. 44, 17 L.Ed.2d 58 (1966); *Hammond v. Brown,* 323 F.Supp. 326 (N.D.Ohio 1971) aff'd, 450 F.2d 480 (Sixth Cir. 1971). Accordingly, the portions of Defendant's Motion relating to this Court's jurisdiction over the Defendant or of the subject matter should be overruled.

█ In her Motion, Defendant further urges that the Indictment should be dismissed for failure to commence prosecution of the alleged offense charged therein within such time as to afford Defendant her rights to due process of law and a speedy trial under the Fifth and Sixth Amendments to the United States Constitution. This contention is not supported by any additional argument in Defendant's supporting Brief. The applicable statute of limitations is found in 18 U.S.C. § 3282[2] which provides that an Indictment must be returned within five years after the offense has been allegedly committed. In the instant case, the alleged offense occurred on July 2, 1976 and the Indictment was filed on February 2, 1977, well within the five year limitation period. The Sixth Amendment provisions relating to speedy trial and the provisions of Rule 48(b), Federal Rules of Criminal Procedure, are not applicable to preindictment delay pursuant to *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). See also *Dillingham v. United States,* 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975); *United States v. Hauff,* 461 F.2d 1061 (Seventh Cir. 1972).

*United States v. Marion, supra,* does hold that the due process clause of the Fifth Amendment would require dismissal of an indictment if it is shown at trial that preindictment delay in a case caused substantial prejudice to a defendant's right to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused. In its conclusion the Court stated:

> "Nor have appellees adequately demonstrated that the pre-indictment delay by the Government violated the due process clause. No actual prejudice to the conduct of the defense is alleged or proved, and there is no showing that the Government intentionally delayed to gain such tactical advantage over appellees or to harass them. Appellees rely solely on the real possibility of prejudice inherent in any extended delay; that memories will dim, witnesses become inaccessible, and evidence be lost. In light of the applicable statute of limitations, however, these possibilities are not in themselves enough to demonstrate that appellees cannot receive a fair trial and to therefore justify the dismissal of the indictment. Events [at] the trial may demonstrate actual prejudice, but at the present time appellees' due process claims are speculative and premature."

In the instant Motion, Defendant McDaniel's contentions concerning due process appear to be speculative and premature. The standards applicable pursuant to the holdings of *Marion, supra,* were set out in *United States v. Beitschier,* 467 F.2d 269 (Tenth Cir. 1972) where the Court stated:

> "The law, however, is clear: the rights of a defendant under the due process clause of the Fifth Amendment are not violated in the absence of a showing of actual prejudice resulting from the preindictment delay and that the delay was purposely designed to gain tactical advantage or to harass the defendants."

The preceding statement was generally followed in *United States v. McClain,* 501 F.2d 1006 (Tenth Cir. 1974).

█ With regard to the portion of the instant Motion relating to Defendant's con-

---

2. 18 U.S.C. § 3282 provides:
   "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

tention that the delay in the commencement of the Indictment in this case violated her due process rights under the Fifth Amendment, said portion of the Motion should be overruled. There is no indication before the Court that there has been actual prejudice resulting from the preindictment delay and there has been no showing that the delay was purposefully designed to gain tactical advantage to the Government or that Defendant has been harassed by such delay.

In this Motion, Defendant requests that the Government provide her with a copy of the Department of Justice Guidelines, Rules and Regulations. The Government in its Response advises that there is no Department of Justice Guideline, rule or regulation which provides that the United States Attorney cannot prosecute violations of Federal law occurring in his district. On this basis, that portion of Defendant's Motion requesting same should be overruled.

In this Motion, Defendant requests that there be an evidentiary hearing on the matters raised in this Motion. In view of the foregoing an evidentiary hearing on this Motion is unnecessary. The Defendant's Motion to Dismiss the Indictment should be overruled.

Accordingly, the 10th day of March, 1977, at 10:00 a. m. at the offices of the United States Attorney, United States Court House, Oklahoma City, Oklahoma, are designated as the time and place for the Government to furnish Defendant the items it is to furnish her pursuant to this Order.