UNITED STATES of America, Plaintiff,

v.

Ovid KOSOVSKY and John W. Sowers, Defendants.

No. CR–80–26–D.

United States District Court, W. D. Oklahoma.

April 4, 1980.

Larry D. Patton, U.S. Atty., Oklahoma City, Okl., Linda L. Pence, Sp. Atty., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

David A. Walker, Garvin A. Isaacs, Oklahoma City, Okl., for defendant Kosovsky.

William R. Burkett, Drew Neville and William J. Skepnek, Oklahoma City, Okl., for defendant Sowers.

## ORDER

DAUGHERTY, Chief Judge.

On February 7, 1980, the Grand Jury returned an Indictment against the above named Defendants. This matter is presently before the Court on numerous pretrial Motions filed by Defendant John W. Sowers (Sowers) which the Court rules on as follows:[1]

## MOTION FOR PRODUCTION OF EVIDENCE

Pursuant to Rule 16, Federal Rules of Criminal Procedure, Defendant Sowers has filed a Motion for Production of Evidence wherein he seeks disclosure of the following:

1. Any and all statements, reports of statements, or transcripts of testimony of John W. Sowers in plaintiff's possession which have not already been supplied to defendant.

2. Allow defendant to inspect and copy any and all photograph books, papers, documents, photographs, tangible objects, or any other documents and tangible objects, which are within the possession, custody or control of the plaintiff, and which are material to the preparation of defendant's case or are intended for use by the plaintiff as evidence in chief at the trial, or were obtained from or belonged to the defendant.

3. Any and all scientific reports and examination of the stone 'stellae'.

In its response to the instant Motion, the Government states that it has already made available to counsel for Defendant Sowers the following:

1. Copies of all statements, including grand jury testimony, made by defendant Sowers, in the possession of the Government;

2. Reasonable access to all documents, books, papers, photographs and tangible objects in the possession of the government which will be used by the government at trial or is material to the defense;

3. A copy of the only scientific test in the government's possession which is a FBI laboratory report regarding the testing of a stone tablet.

■ With respect to Defendant Sowers' first request, the Court determines that Defendant Sowers is entitled to this discovery pursuant to Rule 16(a)(1)(A), Federal Rules of Criminal Procedure. Therefore, the Government is directed to furnish any relevant written or recorded statements made by Defendant Sowers as well as the substance of any oral statement the Government intends to offer in evidence at the trial made by said Defendant in response to interrogation by any person then known by Defendant Sowers to be a government agent and any testimony of Defendant Sowers before a grand jury relating to the offenses charged in this case which have not already been provided to Defendant Sowers. Any such statements are to be furnished to said Defendant at the time and place as set out hereafter in this Order.

■ Turning to Defendant Sowers' second request, the Court notes that Rule 16(a)(1)(C), Federal Rules of Criminal Procedure, requires the Government to disclose those documents and tangible objects within its possession, custody or control if any one of three situations exist: (a) the defendant shows that disclosure of the document or tangible object is material to the defense; (b) the Government intends to use

1. Defendant Sowers' "Motion for Order Directing Return or Alternatively to Quash Subpoena Duces Tecum" filed herein on February 21, 1980, has been ruled on previously by the Court in a separate Order.

the document or tangible object in the presentation of its case in chief; or (c) the document or tangible object was obtained from or belongs to the defendant. *See* Rule 16, Notes of Advisory Committee on Rules. The discovery permitted by Rule 16(a)(1)(C) is limited by Rule 16(a)(2), Federal Rules of Criminal Procedure, which provides that the Government need not disclose "reports, memoranda, or other internal Government documents" made by Government agents in connection with the investigation or prosecution of this case. Therefore, the instant request should be sustained to the extent it seeks matter discoverable under Rule 16(a)(1)(C) and the Government is ordered to provide any such matter not already furnished to Defendant Sowers or his attorneys at the time and place as set out hereafter in this Order.

As to Defendant Sowers' request for all scientific reports and examinations of the stone "stellae" involved in this case, it appears that the same are clearly discoverable under Rule 16(a)(1)(D), Federal Rules of Criminal Procedure. Accordingly, the Government is directed to furnish Defendant Sowers with any results or reports of scientific tests in this case which have not already been provided to said Defendant as set out hereafter.

### MOTION TO PRODUCE GRAND JURY TESTIMONY

In his Motion to Produce Grand Jury Testimony, Defendant Sowers seeks the transcripts of all testimony before the grand jury. The Government opposes the requested discovery.

■ Except for his own testimony, Defendant Sowers is not entitled of right to pretrial access to testimony before the grand jury. *E. g., United States v. Tager,* 481 F.2d 97 (Tenth Cir. 1973), *cert. denied,* 415 U.S. 914, 94 S.Ct. 1410, 39 L.Ed.2d 469 (1974). Under its 1970 amendment, the Jencks Act, 18 U.S.C. § 3500, now covers grand jury testimony of witnesses who testify at trial. 18 U.S.C. § 3500(a) provides that statements made by such witnesses or prospective witnesses are not subject to dis-

covery until the witness has testified on direct examination in the trial of the case. After a witness called by the government has testified on direct examination, 18 U.S.C. § 3500(b) requires the Court, on motion of the defendant, to order the government to produce any statements, including grand jury testimony, of the witness in the possession of the government. This Court is bound by the dictates of the Jencks Act. To delay production of the grand jury testimony until time of trial is a right the government has. *United States v. Countryside Farms, Inc.,* 428 F.Supp. 1150 (D. Utah 1977); *see United States v. Moore,* 556 F.2d 479 (Tenth Cir. 1977). Accordingly, the instant Motion for pretrial disclosure of grand jury testimony of persons other than the Defendant Sowers is denied. *See United States v. Pelton,* 578 F.2d 701 (Eighth Cir. 1978), *cert. denied,* 439 U.S. 964, 99 S.Ct. 451, 58 L.Ed.2d 422 (1978); *United States v. Percevault,* 490 F.2d 126 (Second Cir. 1974); *United States v. Tager, supra; United States v. Quintana,* 457 F.2d 874 (Tenth Cir. 1972), *cert. denied,* 409 U.S. 877, 93 S.Ct. 128, 34 L.Ed.2d 130 (1972); *United States v. Harflinger,* 436 F.2d 928 (Eighth Cir. 1970), *cert. denied,* 402 U.S. 973, 91 S.Ct. 1660, 29 L.Ed.2d 137 (1971); *see also United States v. Radetsky,* 535 F.2d 556 (Tenth Cir. 1976), *cert. denied,* 429 U.S. 820, 97 S.Ct. 68, 50 L.Ed.2d 81 (1976).

### MOTION FOR DISCLOSURE OF EXCULPATORY MATERIAL AND INFORMATION

■ In this Motion, Defendant Sowers requests disclosure of material in three general categories, citing *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963): (1) information which tends to exculpate him, either through indication of his innocence or impeachment of government witnesses; (2) information which may lead to evidence as described in no. 1; and (3) all information which may be or may become beneficial to him in preparing for or presenting his defense. Clearly, Defendant Sowers is entitled to that material described in his request numbered 1, with the possible

limitation that as to impeachment, only that material which may substantially impeach the credibility of key government witnesses is required under *Brady*. *Giles v. Maryland*, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); *United States v. Harris*, 462 F.2d 1033 (Tenth Cir. 1972). Insofar as Defendant Sowers seeks information which may lead to exculpatory evidence, or information which may be beneficial, his request is far too broad and must be denied. The *Brady* rule does not require the government to open its files and assist in preparing a defense. *Moore v. Illinois*, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972). Requiring the government either to determine or disclose information which is arguably exculpatory, or which may become beneficial, or may lead to exculpatory material, is neither within the spirit nor the letter of the *Brady* doctrine. *United States v. Conder*, 423 F.2d 904 (Sixth Cir. 1970), *cert. denied*, 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970); *United States v. McDaniel*, 428 F.Supp. 1226 (W.D.Okla.1977). While *Brady* does not require the government to open its files and assist the defense, it does provide a very important constitutional safeguard to defendants and its mandate may not be disregarded, even in good faith. Because the determination of the exculpatory nature of any material is, at least prior to trial, a duty imposed upon the prosecutor, many problems and disputes are likely to arise if, during or after trial, the prosecutor's decisions in that regard are found to be inadequate. For example, disclosure is required of material which may be used to impeach substantially the credibility of key government witnesses. Obviously, the determination of what is substantial impeachment, or who is a key witness, hinges on subjective criteria. The Court directs that the determination of such subjective criteria be on the side of disclosure, so that problems and disputes may be avoided. *See United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

█ In its response to the instant Motion, the Government insists that material due Defendant Sowers under *Brady* or *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), is not required to be disclosed prior to trial. However, in this district, *Brady* and *Giglio* material has, as a matter of course, been ordered turned over to defendants on a day certain, as far prior to trial as is possible, along with any Rule 16 material requested by defendants, in order to enable defendants to make use of it and to avoid unnecessary delays during trial. *See, e. g., United States v. Cronic*, No. CR–80–21–D (W.D.Okla., Mar. 11, 1980) (order granting pretrial disclosure of *Brady* material); *United States v. Armstrong*, No. 79–176–D (W.D.Okla., Dec. 17, 1979) (order granting pretrial disclosure of *Brady* and *Giglio* material); *United States v. Martin*, No. CR–79–123–T (W.D.Okla., Aug. 31, 1979) (order granting pretrial disclosure of *Brady* and *Giglio* material). The offenses charged in this case are alleged to have taken place up to more than five years ago. It appears from the numerous pretrial motions that the issues to be tried will be complicated and that both the *Brady* and Rule 16 material requested by Defendant Sowers will be important to his defense. Under these circumstances, pretrial disclosure of such information is preferable. *Grant v. Alldredge*, 498 F.2d 376 (Second Cir. 1974); *United States v. Deutsch*, 373 F.Supp. 289 (S.D.N.Y.1974). Therefore, Defendant Sowers' Motion for Disclosure of Exculpatory Material and Information is granted to the extent that the Government shall be required to disclose for inspection and copying all information and material in the possession of the prosecutors or known to them, which tends to exculpate Defendant Sowers, either through an indication of his innocence, in mitigation of punishment should he be convicted, or of use in substantial impeachment of key government witnesses. Defendant Sowers' Motion is in remaining part denied. Disclosure shall be at a time and place hereinafter set forth.

## MOTION FOR EXTENSION OF TIME IN WHICH TO FILE MOTIONS AND BRIEFS

In the instant Motion, Defendant Sowers requests an extension of time through

March 19, 1980, in which to file various motions relating to "serious and complex" matters which should be raised prior to trial pursuant to Rule 12, Federal Rules of Criminal Procedure. Defendant Sowers contends that the requested extension is necessary in order for defense counsel to complete the research necessary to adequately advise the Court as to these matters.

The Court determines in its discretion that the instant Motions should be overruled at this time subject to reconsideration upon presentation to the Court of any additional motion Defendant Sowers may desire to file in this case.

Accordingly, the 9th day of April, 1980, at 10:00 a. m. at the offices of the United States Attorney, United States Court House, Oklahoma City, Oklahoma, are designated as the time and place for the Government to provide Defendant Sowers the items it is to provide him pursuant to this Order.