UNITED STATES of America, Plaintiff,

v.

Jimmy Lee PENIX, also known as "JP"; Richard Christensen; Alan Russell Varley, also known as "Rusty"; Jerry P. Napolitan; Roy W. Pilling, Defendants.

No. CR–81–29–D.

United States District Court,
W. D. Oklahoma.

April 1, 1981.

Larry D. Patton, U. S. Atty. by Teresa Black, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Garvin Isaacs, Oklahoma City, Okl., for defendant Pilling.

## ORDER

DAUGHERTY, Chief Judge.

On February 6, 1981, the grand jury returned an Indictment against the above named Defendants wherein Defendant Roy W. Pilling (hereinafter "Movant") is charged with one count of violating 21 U.S.C. § 963 by conspiring to import cocaine HCL, a schedule II controlled substance, into the United States from Peru in violation of 21 U.S.C. § 952 and with one count of violating 21 U.S.C. § 843(b) by using a telephone to facilitate said conspiracy. Presently before the Court are numerous pretrial Motions filed by Movant to which the government has responded. The Court will consider the pending Motions seriatim.[1]

---

1. Defendant Pilling's Motion for Continuance, Motion for Disclosure of Electronic or Other Surveillance and Motion to Suppress have previously been decided by the Court in separate Orders.

## MOTION FOR INDIVIDUAL SEQUES-
## TERED VOIR DIRE

In this Motion, Movant asks that his attorney be allowed to conduct an individual sequestered voir dire of prospective jurors in this case in order to determine whether the jury will be fair and impartial. Movant contends that such a procedure is necessary in this case due to possibly prejudicial pretrial publicity that Movant has received. The government opposes the instant Motion on the grounds that the procedure suggested by Movant would unduly waste the Court's time and contends that Movant has not shown that the publicity has been so extensive as to justify the relief sought.

■ . The Court agrees with the government. Other than his conclusory allegations, Movant has made no showing that the relief he seeks in this Motion is necessary. Furthermore, the Court is of the opinion that the examination of prospective jurors conducted by the Court pursuant to Rule 24, Federal Rules of Criminal Procedure, will adequately develop any knowledge or prejudice concerning this case that a prospective juror may have as a result of pretrial publicity about this case. If it appears that supplemental questions are in order at voir dire, the Court will entertain defense counsel's request for the same at that time. Therefore, the Court finds and concludes in its discretion under Rule 24, *supra*, that the instant Motion should be overruled.

## MOTION FOR DISCOVERY OF
## INFORMATION COMPILED ON
## PROSPECTIVE JURORS

In this Motion, Movant seeks all information compiled by the government on prospective jurors. In its response, the government indicates that it does not have the information sought by Movant in this Mo-

tion. On this basis, the Court determines that the instant Motion should be overruled.

## MOTION FOR INSPECTION OF
## JURY LIST

In this Motion, Movant seeks an Order allowing defense counsel to inspect, reproduce and copy all records and papers used during the selection of the panel of prospective members of the petit jury to be used in this case. Movant contends that the information he seeks in this Motion is necessary in order to permit his attorney to determine whether the selection of the jury panel in this case was in accordance with law. The government does not oppose this Motion insofar as the same seeks examination of records kept by the Clerk.

■ In *Test v. United States*, 420 U.S. 28, 95 S.Ct. 749, 42 L.Ed.2d 786 (1975) (per curiam), the United States Supreme Court held that 28 U.S.C. § 1867(f), which is part of the Jury Selection and Service Act of 1968, as amended, 28 U.S.C. § 1861 *et seq.*, gives a litigant an unqualified right to inspect jury lists in order to aid parties in the preparation of motions challenging jury selection procedures. Therefore, the Court determines that Movant is entitled to disclosure of the items he seeks in the instant Motion. Accordingly, the instant Motion should be granted and this Order is authority for the Clerk to allow Movant or his attorney to inspect the records or papers used by the Clerk in connection with the petit jury selection process in this case as set out in Local Court Rule 30, as amended on January 30, 1981.[2]

## MOTION FOR JUROR INFORMATION
## SHEET

■ In this Motion, Movant asks the Court to submit an information sheet to

---

**2.** Local Court Rule 30, as amended, provides in pertinent part as follows:

The contents of records or papers used by the Clerk in connection with the jury selection process shall not be disclosed, except upon Order of the Court as may be necessary in the preparation or presentation of a motion challenging compliance with the selection procedures of the district court plan.

The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such motion. Any person who discloses the contents of any record or paper shall be subject to penalty as provided in the Jury Selection and Service Act of 1968 as amended.

each potential juror prior to commencement of the voir dire proceedings in this case. A copy of the proposed information sheet is attached to the instant Motion. The government opposes the instant Motion.

Examination of the proposed information sheet reveals that most of the questions contained therein involve areas of inquiry normally developed by the Court in its voir dire procedure. Supplemental questions concerning any areas not covered by the Court may be requested by defense counsel at voir dire. Therefore, the Court determines in its discretion that the instant Motion should be overruled.

## MOTION IN LIMINE (PRIOR BAD ACTS)

In this Motion, Movant moves the Court to instruct government counsel and her representatives and witnesses to refrain from making any reference at trial to any alleged crime or misconduct by Movant or any other defense witness, other than those acts specifically set out in the Indictment herein, until such time as a hearing can be conducted outside the presence of the jury to determine the admissibility of said alleged crime or misconduct. The government responds that it does have evidence of uncharged illegal acts by the Movant which the government believes will be necessary to introduce at trial. The government further states that it agrees to instruct its witnesses not to testify to such acts until the Court has ruled on admissibility and that the government will advise the Court and seek a ruling prior to eliciting such testimony. However, the government opposes the instant Motion in its present timing and contends that the matters presented in this Motion are properly handled during trial.

■ The Court agrees with the government. Therefore, the instant Motion should be overruled at this time subject to reconsideration upon presentation to the trial judge should the need for the requested determination of admissibility arise during the course of the trial in this case.

## MOTION FOR DISCOVERY: WAIVER OF WORK PRODUCT

In this Motion, Movant asks the Court to order the government to turn over its case file in this matter to Movant for the reason that there has been a disclosure of the prosecution's work product to third parties which waives any work product privilege. The government opposes the instant Motion on the grounds that Movant has presented no authority which requires the government to turn over its entire case file to Movant.

■ At the outset, the Court notes that Rule 16(a)(2), Federal Rules of Criminal Procedure, specifically exempts the materials sought by Movant in this Motion from pretrial disclosure. Furthermore, Movant has not presented the Court with any authority (nor is the Court aware of any such authority) to support his contention that pretrial disclosure of the requested case file materials is required when the government waives any work product privilege it may have regarding such materials. Under these circumstances the Court determines that the instant Motion should be overruled.

## MOTION TO FILE ADDITIONAL MOTIONS

■ In this Motion, Movant requests an extension of time in which to file additional Motions in this case. The Court determines that this Motion should be overruled subject to reconsideration upon Movant's presentation to the Court of any additional motions he may desire to file in this case.

## MOTION FOR ENLARGEMENT

In this Motion, Movant requests an enlargement of time until February 23, 1981, in which to file pretrial motions in this case. However, this request is now moot. Furthermore, this request is encompassed in the Court's ruling on the preceding Motion. Therefore, the Court determines that the instant Motion should be overruled.

## MOTION TO VOIR DIRE PROSPECTIVE JURORS

In this Motion, Movant asks that his attorney be permitted to conduct an examina-

tion of the prospective jurors in this case, or in the alternative, that his attorney be allowed to supplement the Court's examination of the jurors.

In accordance with the Court's rulings above in connection with Movant's various Motions pertaining to prospective jurors in this case, the Court determines that the instant Motion should be overruled in its entirety at this time. However, the Court will entertain any request for supplemental voir dire examination of prospective jurors as conducted by the Court at the time of trial.

## MOTION FOR SEVERANCE

In this Motion, Movant seeks a severance and separate trial from his co-defendants due to statements made by co-defendants to law enforcement officers. The government responds that the instant Motion should be denied as Movant has shown no grounds for a severance.

Rule 8, Federal Rules of Criminal Procedure, provides:

(a) *Joinder of Offenses.* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

(b) *Joinder of Defendants.* Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

■ Decisions as to whether to grant a severance are within the sound discretion of the trial court. *United States v. Kelley*, 635 F.2d 778 (Tenth Cir. 1980).

The propriety of joinder of offenses in cases where there are multiple defendants must be tested by Rule 8(b), Federal Rules of Criminal Procedure. *United States v. Eagleston*, 417 F.2d 11 (Tenth Cir. 1969); see, e. g., 1 Wright, *Federal Practice and Procedure*: Criminal § 144, at 318 (1969); Annot., *Joinder of Offenses Under Rule 8(a), Federal Rules of Criminal Procedure*, 39 A.L.R.Fed. 479, 491–496 (1978). Under Rule 8(b), the sole basis for joinder of charges against multiple defendants is that the defendants "are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." As the violations alleged in the Indictment appear to have arisen from the same series of acts or transactions, the Court finds that there has been no misjoinder of offenses or defendants under Rule 8.

■ Turning to Rule 14, Federal Rules of Criminal Procedure, the Court notes that Rule 14 provides, in pertinent part, that if it appears that a defendant or the government is prejudiced by a joinder of offenses or defendants in an indictment, the court may order an election or separate trial of counts, grant a severance of defendants or provide whatever other relief justice requires. To support a motion for severance a defendant must carry the heavy burden of showing prejudice by the joinder. *United States v. Parnell*, 581 F.2d 1374 (Tenth Cir. 1978). The defendant must show clear prejudice resulting from joinder at trial. *United States v. Bridwell*, 583 F.2d 1135 (Tenth Cir. 1978); *United States v. Smaldone*, 485 F.2d 1333 (Tenth Cir. 1973), *cert. denied*, 416 U.S. 936, 94 S.Ct. 1934, 40 L.Ed.2d 286 (1974). Something more than mere assertion and speculation is required to support such a motion. *United States v. Wilson*, 434 F.2d 494 (D.C.Cir.1970).

■ The Court has considered the reasons advanced by Movant in his Motion for Severance and determines that the requisite showing of prejudice has not been demonstrated. Nor is the Court persuaded that there is a *Bruton* problem curable in this conspiracy case only by severance. *See* An-

not., *Use in Evidence of Codefendant's Confession or Statement Inculpating One or More Other Defendants in Joint Trial as Denial of Other Defendants' Right of Cross-Examination Secured by Confrontation Clause of Sixth Amendment (Application of Bruton Rule)*, 29 L.Ed.2d 931, 935 n. 6 (1971); *see generally* Annot., *Admissibility of Statement by Coconspirator Under Rule 801(d)(2)(E) of Federal Rules of Evidence*, 44 A.L.R.Fed. 627, 633–634 (1979); *see also Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Accordingly, the instant Motion should be overruled.

## MOTION FOR IMPEACHING INFORMATION

In this Motion, Movant seeks various information concerning all witnesses and non-witness declarants whose statements are to be offered in evidence in this case including all records revealing prior felony convictions of witnesses, all records revealing prior misconduct of witnesses, all consideration or promises given to witnesses, all threats or coercion used against witnesses, the existence of each occasion on which witnesses have testified before any court or other body regarding the facts of this case, all personnel files for witnesses, any and all other records and/or information which arguably could be helpful to the defense.

The government responds that it will provide Movant with the "rap sheets" of government witnesses and information as to convictions not shown if such information can be obtained; that it will provide information in its possession of bad acts of government witnesses; that the government will draft a memorandum concerning the cooperation agreements it has with certain witnesses; that the government will provide the grand jury testimony of persons who actually testify at trial; that the government will provide the names of experts who examined the cocaine so Movant may contact them; that the government will provide information in the witnesses personal files which are material to impeachment of such witnesses but not the entire personnel file; and that the government will turn over any impeaching information on non-witnesses whose statements will be offered into evidence.

█ Clearly, under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) Movant is entitled to the impeachment material requested with the possible limitation that as to impeachment, only that material which may substantially impeach the credibility of key government witnesses is required under *Brady v. Maryland, supra; Giles v. Maryland*, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); *United States v. Harris*, 462 F.2d 1033 (Tenth Cir. 1972). Insofar as Movant seeks information which may lead to exculpatory evidence, or information which may be beneficial, his request is far too broad and must be denied. The *Brady* rules do not require the government to open its files and assist in preparing a defense. *Moore v. Illinois*, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972). Requiring the government either to determine or disclose information which is arguably exculpatory, or which may become beneficial, or may lead to exculpatory material, is neither within the spirit nor the letter of the *Brady* doctrine. *United States v. Conder*, 423 F.2d 904 (Sixth Cir. 1970), *cert. denied*, 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970); *United States v. McDaniel*, 428 F.Supp. 1226 (W.D.Okl.1977). While *Brady* does not require the government to open its files to assist the defense, it does provide a very important constitutional safeguard to defendants and its mandate may not be disregarded, even in good faith. Because the determination of the exculpatory nature of any material is, at least prior to trial, a duty imposed upon the prosecutor, many problems and disputes are likely to arise if, during or after trial, the prosecutor's decisions in that regard are found to be inadequate. For example, disclosure is required of material which may be used to impeach substantially the credibility of key government witnesses. Obviously, the determination of what is substantial impeachment, or who is a key witness, hinges on subjective criteria. The Court

directs that the determination of such subjective criteria be on the side of disclosure, so that problems and disputes may be avoided. *See United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

In its response to the instant Motion, the government asks that material due Movant under *Brady* not be disclosed prior to trial. However, in this district, *Brady* and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), material has, as a matter of course, been ordered turned over to defendants on a day certain, usually as far prior to trial as is feasible and possible, along with any Rule 16 material requested by defendants, in order to enable defendants to make use of it and to avoid unnecessary delays during trial. *See, e. g., United States v. Kosovsky,* 506 F.Supp. 46 (W.D. Okl., 1980) (order granting pretrial disclosure of *Brady* and *Giglio* materials); *United States v. Cronic,* No. CR–80–21–D (W.D. Okl., Mar. 11, 1980) (order granting pretrial disclosure of *Brady* material); *United States v. Armstrong,* No. CR–79–176–D (W.D.Okl., Dec. 17, 1979) (order granting pretrial disclosure of *Brady* and *Giglio* material); *United States v. Martin,* No. CR–79–123–T (W.D.Okl., Aug. 31, 1979) (order granting pretrial disclosure of *Brady* and *Giglio* material). Under the circumstances of this case and in the absence of a strong showing by the government why pretrial disclosure should not be had, the Court determines that pretrial disclosure of such information is preferable. *See Grant v. Alldredge,* 498 F.2d 376 (Second Cir. 1974); *United States v. Deutsch,* 373 F.Supp. 289 (S.D.N.Y.1974). Therefore, the instant Motion is granted to the extent that the government shall be required to disclose for inspection and copying all material information not already disclosed to Movant which is in the possession of the prosecutors or known to them, which tends to exculpate Movant, either through an indication of his innocence, in mitigation of punishment should he be convicted, or of use in substantial impeachment of key government witnesses. The instant Motion is in remaining part denied. Disclosure shall be at a time and place hereinafter set forth.

## MOTION FOR BILL OF PARTICULARS

In this Motion, Movant seeks the following:

1. The names and addresses of all co-conspirators known to the government at the time of their alleged participation in the alleged conspiracy set out in Count 1 of the indictment.

2. Any overt acts not enumerated in Count 1 of the indictment which acts the government intends to offer into evidence upon the trial of the indictment herein.

3. Any act done or caused to be done, by Roy Pilling, during the conspiracy alleged in Count 1 of the indictment, which the prosecution contends was done in furtherance of any scheme or conspiracy alleged in Count 1.

4. Precise time of day, place and city where the overt acts of the conspiracy alleged in Count 1 are alleged to have been performed.

5. The particular acts of conspiracy which Roy Pilling is alleged to have personally performed in Count 1 of the indictment.

6. When, where, and in what manner Roy Pilling is alleged to have become a member of the conspiracy in Count 1.

7. State with particularity how Roy Pilling conspired, combined, confederated, or agreed in with any co-conspirator or co-defendant, either named or unnamed, to import cocaine as alleged in Count 1 of the indictment herein, in particular, state the nature of the acts by which it is claimed Roy Pilling combined, confederated, or agreed in with any co-defendant or co-conspirator to commit an offense in the places where such acts occurred and the dates for each act.

The purposes of a bill of particulars are to inform an accused of the nature of the charge or charges against him with specific precision to enable him to prepare for trial, to avoid and minimize the danger of surprise at the time of trial and to enable him to plead his acquittal or conviction in

bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes. *Tritt v. United States*, 421 F.2d 928 (Tenth Cir. 1970); *Wyatt v. United States*, 388 F.2d 395 (Tenth Cir. 1968). A defendant is not entitled to a bill of particulars unless the information requested would define more specifically the offense or offenses charged against him. *United States v. Evans*, 542 F.2d 805 (Tenth Cir. 1976), *cert. denied*, 429 U.S. 1101, 97 S.Ct. 1124, 51 L.Ed.2d 550 (1977); *United States v. Gleeson*, 411 F.2d 1091 (Tenth Cir. 1969). It is not the function of the bill of particulars to disclose in detail the evidence upon which the government will rely at trial. *Cefalu v. United States*, 234 F.2d 522 (Tenth Cir. 1956).

■ The Court finds that the counts in the Indictment in this case adequately apprise Movant of the charges against him with sufficient precision to enable him to prepare for trial and avoid surprise in the case. The information he seeks by this motion is evidentiary material of the kind referred to by the Tenth Circuit in *Cefalu v. United States, supra,* which is not subject to discovery by way of a bill of particulars.

Accordingly, the instant Motion for Bill of Particulars is overruled. *See United States v. Cooper*, 464 F.2d 648 (Tenth Cir. 1972), *cert. denied*, 409 U.S. 1107, 93 S.Ct. 901, 34 L.Ed.2d 688 (1973).

## MOTION FOR DISCOVERY AND INSPECTION

Movant seeks by this Motion to discover various items which requests the Court rules on as follows:

1. Any and all written or recorded statements made by Roy Pilling, together with substance of any oral statement attributed to any defendant which the government intends to offer at trial including all tape recordings of telephone conversation to which any of the above defendants are proported [sic] to have been a party, and any and all documents, instruments or forms of any kind signed or proported [sic] to have been signed by any of the defendants herein. . . .

2. The substance of any and all statements which the government alleges are admissible as statements of a co-conspirator made during the course of and in furtherance of the conspiracy including defendants herein and Edward W. James, III, Barton Lane Richards, Ronald Kleist and Mrs. Ronald (Char) Kleist.

The government responds that it does not have any statements made by Movant to any government agents, but will supply any which are discovered. Furthermore, the government agrees to disclose the transcripts of three telephone conversations between a co-conspirator, Edward W. James, and undercover agents.

■ Under Rule 16(a)(1)(A), Federal Rules of Criminal Procedure, a defendant is entitled to inspect and copy any relevant written or recorded statements made by him as well as the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant in response to interrogation by any person then known to the defendant to be a government agent. Therefore, the Court directs the government to furnish any such statements to Movant at the time and place as set out hereafter in this Order. However, Movant is not entitled to his statements made to other individuals and his request for the same should be denied. *See United States v. Pollack*, 534 F.2d 964 (D.C.Cir.1976), *cert. denied*, 429 U.S. 924, 97 S.Ct. 324, 50 L.Ed.2d 292 (1976). Furthermore, Movant is not entitled to pretrial discovery of written confessions and statements of their co-defendants or co-conspirators. Rule 16(a)(2), *supra*, does not authorize the discovery of statements made by government witnesses or prospective government witnesses including co-defendants and co-conspirators, except as provided in 18 U.S.C. § 3500. 18 U.S.C. § 3500(a) provides that statements made by prospective government witnesses are not subject to discovery until the witness has testified on direct examination in the trial of the case. *See United States v. Moore*, 556 F.2d

479 (Tenth Cir. 1977). Accordingly, the instant request is denied to the extent it seeks pretrial discovery of statements, confessions or admissions made by any co-defendant or prospective witness. *United States v. Percevault*, 490 F.2d 126 (Second Cir. 1974).

"3. Copies of the prior criminal records of all conspirators, if any."

The government responds that Movant is only entitled to his own criminal record, the government has found none, and that Rule 16, *supra*, does not authorize discovery of co-conspirators' criminal records.

■ The Court agrees with the government. *See United States v. Conder, supra; Hemphill v. United States*, 392 F.2d 45 (Eighth Cir. 1968), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968); *United States v. McDaniel, supra.* Accordingly, Movant's requests for the prior criminal records of his co-defendants is denied.

4. Any and all tangible objects obtained during the investigation in this case, including but not limited to, all currency, documents, instruments or other writing obtained from Roy Pilling or any co-defendant or co-conspirator including Barton Lane Richards, Edward W. James, III, Ronald Kleist, and Mrs. Ronald (Char) Kleist.

5. Any and all instruments, documents or other tangible objects which the government may intend to use as evidence in their case in chief at trial and which are obtained from or alleged to belong to or were made of either the Five Star Chemical Company, Roy Pilling, or any co-defendants or unindited [sic] co-conspirator including Edward W. James, III, Barton Lane Richards, Ronald Kleist and Mrs. Ronald (Char) Kleist. . . .

6. All other instruments, documents, writings, other papers, books, tape recordings, transcripts, or other tangible objects the government plans to offer in evidence in this case. . . .

7. Any and all other books, papers, documents, or tangible objects which the government relied upon in returning the inditement [sic] against Roy Pilling, or

which the government plans to offer in evidence in this case.

■ The government responds that this material is available for inspection by Movant. Therefore, the instant requests should be sustained to the extent they seek matters discoverable under Rule 16(a)(1)(C), Federal Rules of Criminal Procedure, and the government is ordered to provide such matter to Movant or his attorney at the time and place as set out hereafter in this Order.

8. Any and all statements of the co-defendants or alleged "co-conspirators" herein, whether written or oral, subsequently reduced to writing, tape recorded, transcribed or summarized in agents' reports, or copies thereof, within the possession, custody or control of the government or its agents, servants and employees, the existence of which is known or by exercise of due diligence, may become known to attorneys for the government.

As pointed out above this material requested is not discoverable under Rule 16. Therefore, this request is denied.

9. Any and all names and addresses of individual witnesses who the government intends to call at trial either in its case in chief or as rebuttal witnesses herein. . . .

10. Any and all names and addresses of persons who have knowledge pertaining to this case, or who have been interviewed by the government or their agents in connection with this case.

■ With respect to the above request for the names and addresses of all persons having knowledge of this case, the Court notes that the rule is well established in this Circuit that an accused in a non-capital case is not entitled to be furnished with a list of names of prospective government witnesses prior to trial. *United States v. Pennick*, 500 F.2d 184 (Tenth Cir. 1974), *cert. denied*, 419 U.S. 1051, 95 S.Ct. 629, 42 L.Ed.2d 647 (1974); *United States v. Baca*, 494 F.2d 424 (Tenth Cir. 1974); *United States v. Hughes*, 429 F.2d 1293 (Tenth Cir. 1970); *United States v. McDaniel, supra; United States v. Gaddis*, 418 F.Supp. 869 (W.D.Okl.1976).

Therefore, the instant request for names and addresses of prospective witnesses should be denied.

Also, Movant's request for statements of persons the government does not plan to call as witnesses should be denied as the government is not obliged to furnish such statements to a defendant. *United States v. Cole*, 453 F.2d 902 (Eighth Cir. 1972), *cert. denied*, 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122 (1973).

"11. Any and all F.B.I. and local arrest and conviction records of all persons in paragraphs 9 and 10 the government plans to call as witnesses."

■ This has been ruled on earlier in this Order in connection with Movant's "Motion for Impeaching Information." The government has agreed to provide Movant with the "rap sheet" of the government's witnesses. Accordingly, this request is granted insofar as it seeks the conviction records of government witnesses.

"12. Written statements of all persons in paragraphs 9 and 10 the government does not plan to call as witnesses."

As pointed out above, Movant is not entitled to this information and his request for the same is denied.

13. The name, identity, and whereabouts of any informant who gave information leading to the seizure and arrest of any of the defendants herein or Barton Lane Richards, Edward W. James, III, Ronald Kleist or Mrs. Ronald (Char) Kleist, or investigating of this cause or the investigation, arrest or seizure of evidence and other cause which may have lead to the identification of witnesses, evidence or the arrest of Roy Pilling in this cause.

The government responds that there are no informants in this case other than the government's witnesses. Accordingly, this request is denied.

14. Any and all results of physical or mental examinations. . . .

15. Any and all written reports of any chemical analysis of the substance alleged to be cocaine seized herein, if any, conducted by the Government or any of its agents or anyone at its direction, together with any description, test results, test dates, and any determinations as to the nature or weight of said substance.

16. Any and all handwriting exemplars or tests, fingerprint impressions, blood samples, clothing, hair, fibre, handwriting or voice exemplars or other materials obtained by whatever means of process which the government intends to offer into evidence or utilize at the trial herein, whether same were those of this defendant or were those of some other person or persons known or unknown. Any and all comparisons or written reports of tests, analysis or other examinations conducted upon same by the Government or any of its agents or anyone at its direction.

■ The government responds that it only has a scientific test on the cocaine involved and this test will be given to Movant along with the results of any other such test the government has done and will do in this case. Accordingly, these requests are granted.

17. The transcript of testimony given by any person before the Grand Jury in this cause and including, but not limited to, the precise nature of any statement attributable to the defendant.

18. Any recorded testimony of any employee, partner or associate of the Five Star Chemical Company, who in the course of doing business with Roy Pilling and the Five Star Chemical Company gave recorded testimony before the Grand Jury, including the Grand Jury testimony of Edward W. James, III.

■ As to Movant's request the Court interprets these as requests for grand jury testimony. It appears that Movant is not entitled to pretrial discovery of grand jury testimony of any prospective government witness. Rule 16(a)(2), *supra*, does not authorize the discovery of statements made by government witnesses or prospective government witnesses, including co-defendants and co-conspirators, except as provided in 18 U.S.C. § 3500. In this connection, the

Court notes that under its 1970 amendment the Jencks Act, 18 U.S.C. § 3500, now covers grand jury testimony of witnesses who testify at trial. 18 U.S.C. § 3500(a) provides that statements made by such witnesses or prospective witnesses are not subject to discovery until the witness has testified on direct examination in the trial of the case. This Court is bound by the dictates of the Jencks Act. To delay production of witnesses' statements, including grand jury testimony, until time of trial is a right the government has. *United States v. Countryside Farms, Inc.*, 428 F.Supp. 1150 (D.Utah 1977); *see United States v. Moore, supra.* Accordingly, the instant request for pretrial disclosure of grand jury testimony of persons other than the Movant is denied. *See United States v. Pelton*, 578 F.2d 701 (Eighth Cir. 1978), *cert. denied*, 439 U.S. 964, 99 S.Ct. 451, 58 L.Ed.2d 422 (1978); *United States v. Percevault*, 490 F.2d 126 (Second Cir. 1974); *United States v. Tager*, 481 F.2d 97 (Tenth Cir. 1973), *cert. denied*, 415 U.S. 914, 94 S.Ct. 1410, 39 L.Ed.2d 469 (1974); *United States v. Quintana*, 457 F.2d 874 (Tenth Cir. 1972), *cert. denied*, 409 U.S. 877, 93 S.Ct. 128, 34 L.Ed.2d 130 (1972); *United States v. Harflinger*, 436 F.2d 928 (Eighth Cir. 1970), *cert. denied*, 402 U.S. 973, 91 S.Ct. 1660, 29 L.Ed.2d 137 (1971); *see also United States v. Radetsky*, 535 F.2d 556 (Tenth Cir. 1976), *cert. denied*, 429 U.S. 820, 97 S.Ct. 68, 50 L.Ed.2d 81 (1976).

19. Any and all materials known to the government or which may become known or which through diligence may be learned from the investigating officers or the witnesses or the persons having knowledge of this case, which is exculpatory in nature or favorable to the accused or which may lead to exculpatory or favorable material, or which might serve to mitigate the punishment, including any evidence impeaching or contradicting testimony of Government witnesses or instructions to Government witnesses not to speak with or discuss the facts of the case with defense counsel....

20. The substance of any and all statements or discussions had with any of the co-defendants or Edward W. James,

III, or Ronald Kleist, or Barton Richards, with any such persons' counsel indicating a promise or suggestion of leniency, compensation, assurance not to prosecute, agreement to proceed on only certain counts of an indictment, representations with respect to yet uncharged misconduct, or any benefit accuring [sic] to said individuals, whatsoever in exchange for their cooperation, assistance or testimony at the trial herein.

These requests are identical to the requests made in Movant's "Motion for Impeaching Information" which this Court has dealt with above. The Court orders disclosure of the above matters in accordance with the ruling above on Movant's "Motion for Impeaching Information" at the time and place hereinafter set forth.

### MOTION FOR ORDERING OF GOVERNMENT'S PROOF OR FOR SEPARATE HEARING TO DETERMINE EXISTENCE OF CONSPIRACY FOR INVOCATION OF RULE 801(d)(2)(E), F.R.Ev. WITH AUTHORITIES

In the above captioned Motion, Movant asks the Court to direct the government to "order their proof" in this case or to conduct a separate hearing to determine the admissibility of any statements of co-conspirators the government intends to introduce in evidence in this case. The government opposes the instant Motion.

 Rule 17.1, Federal Rules of Criminal Procedure, allows the Court in its discretion to order a pretrial conference "to consider such matters as will promote a fair and expeditious trial." However, the Court is of the opinion that such a conference is unnecessary at this time in the instant case. It is well established in this Circuit that acts and declarations of one co-conspirator are admissible against another co-conspirator if the existence of a conspiracy is established by independent evidence and if the acts and declarations occurred during and in furtherance of the conspiracy. *See, e. g., United States v. Rios*, 611 F.2d 1335 (Tenth Cir. 1979); *United States v. Petersen*, 611 F.2d 1313 (Tenth Cir. 1979), *cert. denied*,

447 U.S. 905, 100 S.Ct. 2985, 64 L.Ed.2d 854 (1980); *United States v. James*, 590 F.2d 575 (Fifth Cir. 1979), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979); *United States v. Andrews*, 585 F.2d 961 (Tenth Cir. 1978). However, the order of proof in a conspiracy case such as this case is a matter within the discretion of the trial court. *United States v. Kramer*, 521 F.2d 1073 (Tenth Cir. 1975), *cert. denied*, 424 U.S. 909, 96 S.Ct. 1104, 47 L.Ed.2d 313 (1976); *United States v. Smith*, 496 F.2d 185 (Tenth Cir. 1974), *cert. denied*, 419 U.S. 964, 95 S.Ct. 225, 42 L.Ed.2d 179 (1974). Therefore, the Court determines in its discretion that the pretrial determination of the admissibility of any statements of co-conspirators sought by Movant in the instant Motion involves evidentiary matters more properly developed at the trial of this case rather than through a pretrial hearing.

In view of the foregoing, the Court finds and concludes that the instant Motion should be overruled.

Accordingly, the 6th day of April, 1981, at 10:00 a. m. at the office of the United States Attorney, United States Courthouse, Oklahoma City, Oklahoma, are designated as the time and place for the government to furnish Movant with the items it is to furnish him pursuant to this Order.

IT IS SO ORDERED.